**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLUBER SKAHAN + ASSOCIATES, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CORDOGAN, CLARK & ASSOC., INC. an Illinois corporation, and JEYEONG KIM, an individual, | ) ) ) ) |
| Defendants. | ) ) |

**08 C 1529**

**JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Kluber Skahan + Associates, Inc., an Illinois corporation, as and for its Complaint

against Defendants Cordogan, Clark & Assoc., Inc., an Illinois corporation, and Jeyeong Kim, states

by and through its counsel, Derke J. Price and Ellen K. Emery of Ancel, Glink, Diamond, Bush,

DiCianni & Krafthefer P.C., as follows:

### The Parties

1.     Plaintiff Kluber Skahan + Associates, Inc., ("KS+A") is an Illinois corporation and

licensed professional design firm engaged in the practice of architecture and engineering with its

principal place of business at 901 N. Batavia Avenue, Batavia, Illinois.

2.     Defendant Cordogan, Clark & Assoc., Inc. ("Cordogan") is an Illinois corporation and

licensed professional design firm engaged in the practice of architecture with its principal place of

business at 960 Ridgeway Avenue, Aurora, Illinois.

3.     Defendant Jeyeong Kim ("Kim") was, from 4/15/02 through 4/12/04, employed at

KS+A as an engineering intern and was not a licensed engineer at any time during his period of

employment with KS+A. Kim left KS+A and became an employee at Cordogan. He has subsequently become a licensed engineer. He has, on information and belief, left the employ of Cordogan and is now practicing in Aurora, Illinois. Upon information and belief, Kim lives in Kane County, Illinois.

<div align="center">Jurisdiction and Venue</div>

4.      KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 3 above as if fully set forth herein.

5.      This lawsuit is brought pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. §§101, et seq. This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1338(a), pursuant to which the United States District Courts have original and exclusive jurisdiction of all civil actions arising under any Act of Congress relating to copyrights. This Court also has jurisdiction pursuant to 28 U.S.C. §1331, because this civil action arises under the laws of the United States and presents a federal question. This Court has supplemental jurisdiction over KS+A's state law claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over the parties in this action. The activities over which KS+A complains and give rise to this action took place in the State of Illinois. Defendants' activities infringing KS+A's copyrights took place within the Northern District of Illinois. Additionally, each Defendant conducts business, is employed, or reside within the State of Illinois and the jurisdiction of this Court, and venue is proper under 28 U.S.C. §1391(b) and 28 U.S.C. §1400(a).

<u>Allegations Common to All Counts</u>

7.     KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 6 above as if fully set forth herein.

8.     KS+A is a professional design firm that is engaged in the practice of architecture and engineering. KS+A employs both licensed architects and engineers, including Michael T. Kluber, a licensed professional engineer.

9.     Beginning in the Spring of 2002 and continuing through 2004, KS+A created, organized and refined various design elements to be used in conjunction with its computer-assisted-design ("CAD") programs, including symbols, abbreviations, diagrams, schedules and detail drawings (collectively "Design Components"). The Design Components are incorporated into, and component parts of, the architectural and engineering plans, drawings, and designs that KS+A creates. True and correct copies of the Design Components are attached hereto and incorporated herein as Group Exhibit A.

10.     Michael T. Kluber was the professional engineer at KS+A that created and organized these Design Components for KS+A for the electrical engineering discipline.

11.     KS+A expends great time, money and effort to create and refine these Design Components as they are essential ingredients to clear and concise drawings, plans and designs.

12.     KS+A has a copyright interest in each and every one of the Design Components that it has created. Many of the Design Components have been incorporated into various Plans and Specifications prepared by KS+A, depending upon the nature of the project. KS+A's copyright interest in the Design Components is evidenced by the following Copyrights for Works of the Visual Arts issued by the United States to KS+A effective in January of 2007 for plans and specifications

3

incorporating these Design Components: VAu740-105, VAu734-219, VAu739-071, VAu739-704, VAu739-070. Copies of the Registration Certificates are incorporated herein and attached hereto as Exhibit B.

13.    KS+A employs both architects and engineers who create the Design Components. The Design Components, plans, specifications and drawings, are all created as works for hire for KS+A.

14.    The practices of architecture and engineering are regulated by the State of Illinois.

15.    The State of Illinois licenses both KS+A as a professional design firm and the individual engineers and architects that work for KS+A. The State of Illinois further requires that the plans, specifications and drawings produced by KS+A be reviewed and sealed by a licensed architect or engineer before they can be used for construction.

16.    The quality of the component parts of the plans, specifications and drawings is important to a successful construction project and the Design Components improve the quality of the plans, specifications and drawings in which they are incorporated.

17.    The Design Components constitute the intellectual capital amassed by KS+A over the course of years during which it, and its predecessor companies, have been in business. Thus, the Design Components are valuable assets of KS+A that required professional skill, experience and education of engineers and/or architects to create, revise and use professionally, and constitute trade secrets of KS+A.

18.    Kim was a licensed engineer intern during his employ at KS+A and while working in a position of trust assisted Michael Kluber in drawing and entering the Design Components into KS+A's proprietary CAD library.

4

19.     At all times relevant, KS+A protected its computer files and CAD library with passwords and other security measures intended to keep KS+A's trade secrets from public disclosure.

20.     As an employee of KS+A from April 15, 2002 through April 12, 2004, Kim had been exposed to, and also had access to, the proprietary Design Components and plans, specifications and drawings of KS+A.

21.     Cordogan is a competitor of KS+A in the practice of architecture.

22.     Cordogan actively pursued, recruited, and hired Kim away from KS+A.

23.     At his exit interview on April 12, 2004 with Michael Kluber, Kim was reminded that KS+A's intellectual property, including "plans and specs and work product" were "not to be taken" by him and that doing so was "punishable by law" and Kim signed the interview summary memorializing these instructions and acknowledging these same admonitions and restrictions. A true and correct copy of Kim's Employee Exit Interview is attached hereto and incorporated herein as Exhibit C.

24.     Kim had agreed, and was under a duty, not to take copies of KS+A's intellectual property, trade secrets and other confidential information with him or disclose that information to third parties. Kim understood his agreement and duty. Despite this, Kim intentionally copied, procured and took with him, without permission, various Design Components of KS+A.

25.     Kim's job responsibility at Cordogan was to prepare the design documents in the electrical engineering discipline on various projects.

26.     Within a short time after starting his employment with Cordogan, Kim used copies of the Design Components he illegally and improperly misappropriated from KS+A for the benefit of

5

Cordogan and to prepare documents for Cordogan, including but not limited to a structure of the Fox Valley Park District known as the "Vaughn Center Facility."

27.    Kim's misappropriation of the Design Components was first discovered by KS+A in 2008 when they were hired by the Fox Valley Park District to review issues at the Fox Valley Park District's Vaughn Center Facility.

28.    Kim and Cordogan improperly used KS+A's Design Components and other proprietary information in Cordogan's 2004 construction documents for the Vaughn Center Facility project (hereafter "Vaughn Center project").

29.    Cordogan published its plans for the Vaughn Center project after Kim began his employment at Cordogan.

30.    Identical copies of KS+A's Design Components are contained in Cordogan's plans, specifications and drawings for the Vaughn Center project.

31.    On information and belief, Cordogan has been representing to its clients that those KS+A's Design Components that were incorporated into Cordogan's plans, specifications and drawings were Cordogan's own work.

32.    Kim and Cordogan misappropriated KS+A's trade secret Design Components and CAD files to create Cordogan's design documents for the Vaughn Center project and, on information and belief, other projects, including most recently, the City of Aurora Police Department Facility.

33.    Defendants Cordogan and Kim have acted in concert in the misappropriation of KS+A property, and Defendant Cordogan induced Defendant Kim to breach its duties to KS+A.

34.    Unless immediate injunctive relief is entered to prevent Defendant from further infringing on KS+A's copyrights and misappropriating KS+A's trade secrets, KS+A faces

irreparable harm.

35.    Accordingly, Plaintiff KS+A seeks immediate injunctive relief consisting of the following:

(a)    compelling Defendants to immediately return all property and information stolen or copied from Plaintiff having to do with the Design Components;

(b)    enjoining Defendants from using to their advantage any such property or information copied or misappropriated from Plaintiff KS+A;

(c)    enjoining Defendants from sharing with any third party any such property or information copied or misappropriated from Plaintiff KS+A;

(d)    establishing a constructive trust on any proceeds earned by defendants through use of Plaintiff's copyrighted materials, trade secrets, or any other information or property taken from KS+A;

(e)    enjoining Defendants from making any use of the appropriated property and/or copyrighted information taken from KS+A;

(f)    enjoining Defendants from destroying evidence related to their actions and compelling defendants to preserve any computers, drives, e-mail accounts, electronic data, telephone accounts, printed materials, and/or other documents or property in their possession and control; and

(g)    any further relief that the Court deems just or appropriate.

36.    As a result of the actions of the Defendants, KS+A has suffered damages in an amount in excess of the minimum jurisdictional limit.

37.    In addition to emergency injunctive relief, KS+A further seeks appropriate monetary damages to the extent calculable for Defendants Cordogan and Kim's infringement, misappropriation, and other wrongful actions, including punitive damages.

38.    The actions of the Defendants were willful and malicious, justifying an award of punitive damages.

39.    KS+A also seeks exemplary damages and attorneys fees under the federal Copyright Act and the Illinois Trade Secrets Act and other statutes for Defendants' willful and malicious theft of copyrighted material, confidential information, and trade secrets as well as other wrongful actions.

## COUNT I: INFRINGEMENT OF COPYRIGHTS
### (17 U.S.C. §§501, *et seq.*)

40.    KS+A incorporates by reference and re-alleges each allegation set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.    KS+A is the exclusive owner of all of the copyrights in its Design Components and plans, specifications and drawings.

42.    Defendants, without permission or consent of KS+A, have copied, publicly distributed, used, and continue to copy, distribute and use, the copyrighted materials for their own benefit. Defendants' actions constitute infringement of KS+A's copyrights and exclusive rights under copyright.

43.    Defendants knowingly and willfully copied KS+A's copyrighted Design Components and plans, specifications and drawings, and the protectable expression contained therein, and have willfully created derivative works based thereupon, and willfully publicly distributed those derivative works, without KS+A's authorization in violation of its rights.

44.    To the extent that Defendants did not directly infringe KS+A's exclusive rights in connection with its copyrighted Design Components and plans, specifications and drawings, Defendants induced, caused and/or materially contributed to the direct acts of infringement with knowledge of the infringing activity. Defendants had a direct financial benefit in the infringing activities, and had the right and/or ability to supervise those activities, rendering them vicariously

liable.

45.    These acts of infringement by Defendants have been willful and intentional, in disregard of and with indifference to the rights of KS+A.

46.    As a result of Defendants' infringement of KS+A's copyrights and exclusive rights under copyright, KS+A is entitled to statutory damages pursuant to 17 U.S.C. §504(c) for Defendants' infringement of each of the copyrighted materials.

47.    Further, KS+A is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

48.    The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause KS+A great and irreparable injury that cannot fully be compensated or measured in money.  KS+A has no adequate remedy at law.  Pursuant to 17 U.S.C. §§502 and 503, KS+A is entitled to injunctive relief prohibited Defendants from further infringing KS+A's copyrights.

WHEREFORE, Plaintiff, Kluber Skahan + Associates, Inc. respectfully requests that this Court enter an order:

(a)    for injunctive relief providing that Defendants be enjoined from directly or indirectly infringing KS+A's rights under federal or state law in the copyrighted materials of KS+A whether now in existence or later created, that are owned or controlled by KS+A;

(b)    for judgment in favor of the Plaintiff against Defendants;

(c)    awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post- interest;

(d)    awarding the Plaintiff punitive damages against Defendants;

(e)    awarding the Plaintiff its costs and attorneys' fees; and

(f)    awarding the Plaintiff such other relief as is just and proper.

9

## COUNT II:  VIOLATION OF THE ILLINOIS TRADE SECRETS ACT
### (765 ILCS 10/65/1 *et seq.*)

49.    KS+A incorporates by reference and re-alleges each allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

50.    Defendants Cordogan and Kim violated the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* by misappropriating KS+A's confidential Design Components and trade secrets by improper means and for the benefit of Defendant Cordogan and Defendant Kim.

51.    This confidential information was developed over many years at KS+A and was the subject of reasonable efforts to maintain its secrecy and confidentiality.

52.    This information is of immense commercial value both to Cordogan and to Kim, as it would allow the Defendants to essentially usurp KS+A's metholodogies, designs, and processes, without investing the extensive time, effort and expense contributed and expended by KS+A or having to hire a qualified consulting engineer for the work.  By misappropriating this information, Defendants hoped to steal in a brief period the value of what has taken KS+A years to design and build.

53.    Defendants are actively using the misappropriated information to compete with KS+A.

54.    Defendants' actions have caused, and will continue to cause, irreparable harm to KS+A.

55.    Unless Defendants are enjoined from further benefiting from their misappropriation, KS+A will continue to suffer irreparable and immeasurable harm.

56.    KS+A has more than a reasonable likelihood of success on the merits and there is no

10

adequate remedy at law for the continuing harm.

57.    Accordingly, pursuant to 765 ILCS 1065/3 and applicable law KS+A seeks a temporary restraining order as well as preliminary and/or permanent injunctive relief to prevent Defendants from wrongfully benefiting from or further using the misappropriated property and information.

58.    Further, pursuant to 765 ILCS 1065/4, KS+A seeks to recover any actual monetary damages caused by the misappropriation, or in the alternative, a reasonable royalty for its use.

59.    Additionally, because Defendants' misappropriation was done covertly, willfully and maliciously, in derogation of Defendant Kim's fiduciary duty and in an attempt by both Defendants in an attempt to harm KS+A, KS+A seeks exemplary damages and attorneys' fees incurred in pursuing this action pursuant to 765 ILCS 1065/4(b) and 1065/5(iii).

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this court enter an order:

(a)    for judgment in favor of the Plaintiff against Defendants;

(b)    awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)    awarding the Plaintiff punitive damages against Defendants;

(d)    awarding the Plaintiff its costs and attorneys' fees; and

(e)    granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendants from further misappropriating Plaintiff's trade secrets.

## COUNT III:  BREACH OF FIDUCIARY AND LOYALTY DUTIES
### (Against Defendant Jeyeong Kim only)

60.    KS+A incorporates by reference and re-alleges each and every allegation set forth in

11

paragraphs 1 through 59 above as if fully set forth herein.

61.    As an employee of KS+A, Defendant Kim had absolute fiduciary duties of loyalty, fidelity and good faith to KS+A.  These duties required Defendant Kim to act solely for the benefit of KS+A and to refrain from acting inconsistently with their agency or trust.

62.    The conduct of Defendant Kim as set forth above constitutes breach of his duties of loyalty, fidelity and good faith to KS+A.

63.    KS+A has suffered extensive damages as a result of Defendant Kim's breaches of fiduciary duty, loyalty, fidelity, and good faith to KS+A, for which Defendant Kim is liable.

64.    Further, unless injunctive relief is entered against Defendant Kim, KS+A is threatened with further irreparable harm as a result of Defendant Kim's breaches of his duties.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this Court enter an order:

(a)    for judgment in favor of the Plaintiff against Defendant Kim;

(b)    awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)    awarding the Plaintiff punitive damages against Defendant Kim;

(d)    awarding the Plaintiff its costs and attorneys' fees; and

(e)    granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendant Kim from further breaching his fiduciary duties of loyalty, fidelity and good faith to KA+A or using misappropriated property of KS+A.

### COUNT IV:  INDUCING BREACH OF FIDUCIARY DUTY, DUTIES OF LOYALTY, FIDELITY, AND GOOD FAITH
### (Against Defendant Cordogan Only)

65.    KS+A incorporates by reference and re-alleges each and every allegation set forth in

12

paragraphs 1 through 64 above as if fully set forth herein.

66.    Defendant Cordogan knowingly participated in, colluded with and benefited from Defendant Kim's breach of his fiduciary duties and duties of loyalty, fidelity, and good faith to KS+A as described above.

67.    Defendant Cordogan's actions were willful and malicious and intended to harm KS+A and to benefit Cordogan at the expense of KS+A.

68.    As a legal and proximate cause of this inducement of breach of fiduciary duty, and duties of loyalty, fidelity, and good faith, KS+A has been damaged.

69.    Such conduct on the part of the Defendants is sufficient to justify an award of exemplary damages in addition to compensatory damages.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this Court enter an order:

(a)    for judgment in favor of the Plaintiff against Defendant Cordogan;

(b)    awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)    awarding the Plaintiff punitive damages against Defendant Cordogan;

(d)    awarding the Plaintiff its costs and attorneys' fees; and

(e)    granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendant Cordogan from further inducing breaches of fiduciary duty, and duties of loyalty, fidelity, and good faith to Plaintiff KS+A.

## COUNT V: THEFT AND CONVERSION

70.    KS+A incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1 through 69 above as if fully set forth herein.

13

71.     At all times relevant to this complaint, Plaintiff KS+A was the owner and had right of possession to certain personal and intellectual property, including but not limited to copyright, trade secret, proprietary and confidential information used in KS+A's architecture and engineering business.

72.     Defendants Cordogan and Kim unlawfully converted that property of KS+A to their own use and benefit by misappropriating it and using that property in the business of Defendant Cordogan.

73.     Defendants have failed to return the property to KS+A or to reimburse it for the value of the property.

74.     Defendants' conduct constitutes theft.

75.     Defendants' conduct also constitutes criminal conversion.

76.     As a direct and proximate result of Defendants' theft and conversion of KS+A's property, KS+A has sustained pecuniary loss in an amount to be proven at trial.

77.     KS+A is entitled to recover additional damages in an amount three times its actual pecuniary loss resulting from Defendants' theft and/or criminal conversion. KS+A is also entitled to recover its reasonable attorney fees and expenses.

78.     Defendants' unlawful taking and conversion of the property and failure to return the property or to reimburse KS+A for the value of the property was willful and vexatious, and done with an intent to permanently deprive KS+A of its property.

79.     Such conduct on the part of the Defendants is sufficient to justify an award of exemplary damages in addition to compensatory damages.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this

14

Court enter an order:

(a)     for judgment in favor of the Plaintiff against Defendants;

(b)     awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)     awarding the Plaintiff punitive damages against Defendants;

(d)     awarding the Plaintiff its costs and attorneys' fees; and

(e)     granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendant Kim from further converting property lawfully belonging to Plaintiff KS+A and requiring the return of any such property to Plaintiff.

## COUNT VI: COMPUTER FRAUD
### (18 U.S.C. §1030(e)(2)(b))

80.     KS+A incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1 through 79 above as if fully set forth herein.

81.     KS+A's computers are used in interstate commerce and therefore constitute "protected computers," as that term is used in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(b).

82.     Defendant Kim knowingly and willfully accessed KS+A's protected computers and made copies of KS+A's computer files, which include the Design Components and other CAD files and other confidential details of KS+A's business.

83.     Defendant Kim's knowing and willful copying of KS+A's computer files was in excess of his authorized access to the protected computers.

84.     Defendants' knowing and willful copying of KS+A's computer files was done with an intent to defraud KS+A.

85.     Defendants furthered their intended fraud upon KS+A by making copies of KS+A's valuable computer files, including its Design Components and CAD files, and obtaining those copied

15

computer files.

86. As a result of Defendants' computer fraud as alleged above, KS+A has suffered monetary losses and irreparable harm requiring preliminary and permanent injunctive relief.

87. Such conduct on the part of the Defendants is sufficient to justify an award of exemplary damages in addition to compensatory damages.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this Court enter an order:

(a) for judgment in favor of the Plaintiff against Defendants;

(b) awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c) awarding the Plaintiff punitive damages against Defendants;

(d) awarding the Plaintiff its costs and attorneys' fees; and

(e) granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendants from further defrauding Plaintiff of property lawfully belonging to it and requiring the return of any such property to Plaintiff.

## COUNT VII: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

88. KS+A incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1 through 87 above as if fully set forth herein.

89. KS+A had, and has, reasonable expectancies of valid business relationships with various customers and clients, based on KS+A's past and existing relationships with these third parties, as well as the substantial resources that it devoted to maintaining such business relationships.

90. Defendants had, and have, knowledge of KS+A's prospective business relationships,

16

evidence by Defendants' copying and other misappropriation from KS+A's computers and using such information directly on Defendants' work products.

91.   Defendants intentionally interfered with KS+A's prospective business relationships. Defendants' conduct was wrongful and not privileged as evidenced by their breaches of fiduciary duty, theft, and other misconduct.

92.   Cordogan engaged (and continues to engage) in intentional conduct designed to induce disruption of these economic relationships through the fraudulent use of KS+A's Design Components and the representation that this quality work was Cordogan's own.

93.   An actual disruption of certain of the economic relationships did in fact occur, and as a legal and proximate cause of this intentional interference, KS+A has been damaged, including the loss of the following projects: Village of North Aurora, Community Center Renovation; Aurora Public Library; Aurora Police Station; Waubonsee Community College; City of Aurora, Philips Park Expansion.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this Court enter an order:

(a)   for judgment in favor of the Plaintiff against Defendants;

(b)   awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)   awarding the Plaintiff punitive damages against Defendants;

(d)   awarding the Plaintiff its costs and attorneys' fees; and

(e)   granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendants from tortiously interfering with Plaintiff's prospective business relationships.

## COUNT VIII:  UNFAIR COMPETITION

94.    KS+A incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1 through 93 above as if fully set forth herein.

95.    KS+A has built up goodwill and reputation for its business and is entitled to receive the benefits of its labors.

96.    Defendants have misappropriated KS+A's trade secrets to use in their documents, plans and specifications in order to represent the quality of the work as being that of their own to enhance their reputation and to obtain additional work for KS+A's current and future clients.

97.    Defendants' conduct is interfering with KS+A's contractual and prospective business relationships with its clients.

98.    Defendants' conduct is willful and is for the sole purpose of causing economic injury to KS+A for the benefit of Cordogan.

99.    There is no justification for Defendants' conduct.

100.    As a legal and proximate result of Defendants' conduct, KS+A has suffered damages.

101.    Such conduct on the part of the Defendants is sufficient to justify an award of exemplary damages in addition to compensatory damages.

WHEREFORE, Plaintiff Kluber Skahan + Associates, Inc., respectfully requests that this Court enter an order:

(a)    for judgment in favor of the Plaintiff against Defendants;

(b)    awarding the Plaintiff such damages as it is entitled to under the law, including compensatory damages and pre- and post-judgment interest;

(c)    awarding the Plaintiff punitive damages against Defendants;

18

(d)    awarding the Plaintiff its costs and attorneys' fees; and

(e)    granting the Plaintiff such other and further relief as is just and proper, including injunctive relief to prevent Defendants from further unfairly competing with KS+A.

## **FURTHER PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kluber Skahan +Associates, Inc., respectfully requests that this Court enter and order granting KS+A:

(1)    Preliminary and permanent injunctive relief against Defendants, their agents and employees, and any other individuals within their control or supervision, and all persons or entities in concert or participating with them, from using, copying, or otherwise exploiting KS+A's copyright protected materials, including the Design Components;

(2)    Preliminary and permanent injunctive relief against Defendants, their agents and employees, and any other individuals within their control or supervision, and all persons or entities in concert or participating with them, from using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property, confidential information or trade secrets of KS+A;

(3)    An order requiring Defendants to return any and all of KS+A's property, confidential information and/or or trade secrets in their control;

(4)    Preliminary and permanent injunctive relief against Defendants, their agents and employees, and any other individuals within their control or supervision, and all persons or entities in concert or participating with them, from using, copying, or otherwise exploiting KS+A's computer files;

(5)    An order requiring Defendants to return any and all copies of KS+A's computer files stored on removable media (CD's, DVD's, tapes, etc.) and to securely erase all copies of KS+A's

19

computer files stored on fixed hard disks;

(6)    Preliminary and permanent injunctive relief against Defendants, their agents and employees, and any other individuals within their control or supervision, and all persons or entities in concert or participating with them, from unfairly competing with KS+A in any manner;

(7)    Judgment against Defendants in an amount sufficient to compensate KS+A for the losses it suffered, as set forth in each of the causes of action contained herein;

(8)    Treble damages;

(9)    Punitive damages;

(10)    Pre-judgment interest and post-judgment interest;

(11)    Attorney fees and all other expenses and costs of this litigation; and

(12)    Any and all other relief that this Court may deem appropriate.

PLAINTIFF KLUBER SKAHAN + ASSOCIATES, INC. HEREBY DEMANDS TRIAL BY JURY

KLUBER SKAHAN + ASSOCIATES, INC.

By:_____

One of the Attorneys for Plaintiff

Derke J. Price
Ellen K. Emery
ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

<span style="color:red">**08 C 1529**</span>

<span style="color:red">**JUDGE ZAGEL**
**MAGISTRATE JUDGE NOLAN**</span>

# EXHIBIT A



NOTIFICATION
APPLIANCES

N.A.C. EXTENDER

2#14 TO SLC
OF FACP

120V POWER
2#12,1#12G-1/2"C
(PROVIDE HANDLE
LOCK BREAKER)

NOTE:

1. THIS RISER DIAGRAM IS SCHEMATIC IN NATURE INTENDED TO
   DEMONSTRATE THE PERFORMANCE REQUIREMENTS OF THIS PROJECT.

2. ALL NOTIFICATION APPLIANCES SHALL BE CONNECTED TO
   AUXILIARY POWER N.A.C. PANEL.

3. E.C. SHALL DETERMINE QUANTITY & LOCATION OF NAC EXTENDER.

4. TOTAL CONNECTED LOAD ON SINGLE AUXILIARY POWER
   N.A.C. PANEL SHALL BE LIMITED TO 70% OF TOTAL
   CAPACITY.

5. E.C. SHALL PROVIDE CALCULATIONS ORGANIZED BY
   N.A.C. PANEL.

# NAC EXTENSION WIRING DETAIL

SCALE: NTS

③



SMOKE DETECTOR

ONE DETECTOR MOUNTED ON EITHER SIDE

MAX. 5'

MIN. 12"

DOOR JAMB

CEILING

LESS 24" ON BOTH SIDE (d)

SMOKE DETECTOR

SMOKE DETECTOR

TWO DETECTORS REQUIRED

MAX. 5'

MIN. d

DOOR JAMB

MAX. 5'

MIN. d

CEILING

OVER 24" ON BOTH SIDE (d)

SMOKE DETECTOR

( d = DEPTH OF WALL SECTION )
ABOVE DOOR

SMOKE DETECTOR FOR DOOR RELEASE

## SMOKE DETECTOR FOR DOOR RELEASE DETAIL

SCALE: NTS

6



RECESSED MTD.
2 GANG SWITCHBOX

FLUSH COVERPLATE FOR
2 GANG SWITCHBOX

FLUSH MTD. DEVICE

MANUAL PULL STATION

FIRE ALARM

MATCHING SURFACE BOX

MANUAL PULL STATION

FIRE ALARM

SURFACE MTD. DEVICE

MANUAL PULL STATION



PULL STATION MTD. DETAIL

SCALE: NTS

## PANEL LP-PD1 - LIGHTING CONTROL SCHEDULE

| AREA | CIRCUIT(S) | ZONE | ZONE CONTROL DESCRIPTION |
|---|---|---|---|
| 1ST FLOOR - AREA D - CORRIDORS | 1,3 | ZPD1 | TC ON/TC OFF – LOCAL SWITCH OVERRIDE |
| 1ST FLOOR - AREA D LIGHTING | 5,7,9,2,4,6 | ZPD2 | TC ON/TC OFF – MAIN SWITCH OVERRIDE |
| LTG - EXTERIOR | 14,16,18 | ZPOD1 | PHOTOCELL ON/TIMECLOCK OFF |
| LTG - EXTERIOR | 20 | ZPOD2 | PHOTOCELL ON/TIMECLOCK OFF |



# LIGHTING CONTROL DETAIL

SCALE: NTS



2−LAMP NORMAL POWER BALLAST

1−LAMP EMERGE POWER BALLAST

LAMP (TYPICAL)

3 LAMP FIXTURE

2−LAMP NORMAL POWER BALLAST

2−LAMP EMERGE POWER BALLAST

2−LAMP NORMAL POWER BALLAST

LAMP (TYPICAL)

6 LAMP FIXTURE

1−LAMP NORMAL POWER BALLAST

1−LAMP EMERGENCY POWER BALLAST

LAMP (TYPICAL)

2 LAMP FIXTURE

3−LAMP NORMAL POWER BALLAST

1−LAMP EMERGENCY POWER BALLAST

LAMP (TYPICAL)

4 LAMP FIXTURE

# EM. LIGHTING/NORMAL LIGHTING BALLAST

SCALE: NTS

3

# TELEPHONE "POTS" LINES

## SCALE: NTS

④

VOICE PATCH PANEL IN IDF ROOM A104

POTS LINES

(1) PHONE CABLE

PRINCIPAL'S OFFICE – (COORDINATE EXACT LOCATION WITH OWNER)

FIRE ALARM LINE 1 – FIRE ALARM CONTROL PANEL IN ELECTRICAL ROOM A102.

MAIN FAX MACHINE – (COORDINATE EXACT LOCATION WITH OWNER).

ELEVATOR – ELEVATOR CONTROL PANEL IN ELEVATOR EQUIP. ROOM A105

HVAC MAIN CONTROL PANEL (COORDINATE EXACT LOCATION WITH TEMPERATURE CONTROLS CONTRACTOR).

FIRE ALARM LINE 2 – FIRE ALARM CONTROL PANEL IN ELECTRICAL ROOM A102.

GAS METER – (COORDINATE EXACT LOCATION WITH MECHANICAL CONTRACTOR).





PER ROOM(MORE THAN ONE)

OUTLET TYPE (D,V,TV)

XX—XXXX

| TAG | |
|-----|-----|
| D — DATA | |
| V — VOICE | |
| TV — VIDEO | |

**LOW-VOLTAGE TERMINATION NOTATION**

SCALE: NTS



# TYPICAL MDF CLOSET LAYOUT DETAIL

SCALE: NTS

④

4" CONDUIT SLEEVE, FIRE-SEALED AT RATED ASSEMBLIES (TYP).

4' X 8' FIRE TREATED PLYWOOD BACKBOARD (PAINTED WHITE), REFER TO FLOOR PLANS FOR PLYWOOD LOCATIONS

GROUND STRAP (#6AWG)

LADDER RACK

WALL BRACKET

QUAD RECEPTACLE

QUAD RECEPTACLE

RACK MTD. POWER STRIP, (PLUGMOLD #V20GB_06 OR EQUAL.) RECEPTACLES @6" O.C.

QUAD RECEPTACLE

#6AWG TO GROUND BUS IN PANELBOARD (FEEDING RECEPTACLE CIRCUITS)

WALL-MOUNT GROUND BUS

4'-0" MIN.

SEE DETAIL THIS SHEET.

WALL MOUNTED MANAGEMENT RINGS (TYPICAL)

POTS

QUAD RECEPTACLE

BUSHED & CAPPED AT 6" A.F.F.

FREE STANDING RACK

ANCHOR TO FLOOR (x4)

STANDARD 2 1/2" DEEP
MULTI-GANG J-BOX.

SOLID DIVIDER FOR LINE &
LOW VOLTAGE SEPARATION.

# MULTI-GANG J-BOX DETAIL
SCALE: NTS

6



WALL CONSTRUCTION

CLOSE NIPPLE, RIGID STEEL (SIZE FOR 40% MAX FILL).

INSULATED BUSHING.

FIRE BARRIER CAULK

TYPICAL WALL PENETRATION

NOTES:

1. NEATLY CORE ALL MASONRY AND BLOCK WALLS.
2. RIGIDLY SUPPORT ALL RACEWAYS.
3. PROVIDE FIRE BARRIER CAULK AT FLOOR, CORRIDOR AND FIRE SEPARATION WALLS.

## WALL PENETRATION DETAIL 

### SCALE: NTS



DOUBLE SIDE MULTI-TIER
PHONE/DATA TRACK

NOTE:

1. PROVIDE ALL NECESSARY MOUNTING
   ACCESSORIES.

2. PROVIDE ADDITIONAL TIERS AS
   REQUIRED.

3. VERIFY EXACT REQUIREMENTS IN
   FIELD.

* B-LINE VERTI-RACK SYSTEM OR EQUAL.
1. MATERIAL : ALUMINUM
2. TYPE : 4 TIER
3. LOAD DEPTH : 3"
4. RUNG SPACE : 18"
5. RUNG WIDTH : 3" (TOP 2), 9"(BOTTOM 2)
6. LENGTH : AS INDICATED.
7. MOUNTING : SUSPENDED, THREADED ROD.

# TYP. CABLE RUNWAY SYSTEM DETAIL

SCALE: NTS

8



TYPICAL FLOOR PENETRATION

CLOSE NIPPLE, RIGID STEEL (SIZE FOR 40% MAX FILL).

FLOOR CONSTRUCTION

FIRE BARRIER CAULK

INSULATED BUSHING.

NOTES:

1.  NEATLY CORE ALL MASONRY AND BLOCK WALLS.
2.  RIGIDLY SUPPORT ALL RACEWAYS.
3.  PROVIDE FIRE BARRIER CAULK AT FLOOR, CORRIDOR AND FIRE SEPARATION WALLS.

# FLOOR PENETRATION DETAIL

SCALE: NTS



7



EWC OUTLET MTD. DETAIL

SCALE: NTS

6

ELECTRIC WATER COOLER

DRINKING FOUNTAIN

120V, 20A DUPLEX
RECEPTACLE. LOCATE
CONCEALED BEHIND EWC
SHROUD

18" A.F.F

A.F.F.

DRINKING FOUNTAIN

36" MAX.

18" A.F.F

9" MIN.

A.F.F



EMT FITTINGS
PER SPEC.

4"X4"X2 1/8" J—BOX.

SINGLE GANG MUDRING, DEPTH AS REQUIRED
FOR WALL THICKNESS, WITH SINGLE GANG
VERTICAL MOUNT.

3/4" EMT EMPTY CONDUIT STUB—UP
TO ABOVE ACCESSIBLE CEILING

# T-STAT STUB-UP DETAIL (2)

## SCALE: NTS



GROUNDING STRAP

SEE WATER MAIN GROUND DETAIL

WATER METER

GROUND CONDUCTOR

WATER MAIN

SEE BUILDING STEEL GROUND DETAIL

BUILDING STEEL

GROUNDING ELECTRODE CONDUCTOR PER NEC TABLE 250-66.

NEUTRAL BUS

MAIN SERVICE GROUND BUS

MAIN SERVICE

1#6 IN 3/4" C. GROUND CONDUCTOR

GROUND ROD 3/4" DIA. X10'-0" LONG

# MAIN SERVICE GROUNDING DETAIL  10

SCALE: N.T.S.



WATER MAIN (STREET SIDE OF METER)

PIPE FLANGE

GROUNDING CONDUCTOR SEE "ONE-LINE DIAGRAM" FOR SIZING

TO MAIN SERVICE GROUND BUS

DRILL & TAP 3/8" HOLE IN PIPE FLANGE AND BOLT GROUNDING LUG TO FLANGE

**MAIN WATER GROUNDING DETAIL**

SCALE: N.T.S.







STEEL COLUMN

TO MAIN SERVICE GROUND BUS

DRILL 3/8" HOLE IN FLANGE
& BOLT ON GROUNDING LUG

GROUNDING CONDUCTOR

# BUILDING STEEL GROUNDING DETAIL
### SCALE: N.T.S.

| DESIGNATION | VOLTAGE & PHASE | HP/KW/AMP | V/C CURRENT | FED FROM | STARTER/MTR/DISC | REMARKS |
|---|---|---|---|---|---|---|
| AIR HANDLING UNIT | 208, 3PH | 5 HP | | HP-1 | CUSM STARTER NEMA SIZE 2 WITH 180 AMP DISC SWITCH | NONE SO FAR ITS COMING CAN'T WAIT |
| AIR HANDLING UNIT | 208, 3PH | 5 HP | | HP-1 | CUSM STARTER NEMA SIZE 2 WITH 180 AMP DISC SWITCH | NONE SO FAR ITS COMING CAN'T WAIT |
| AIR HANDLING UNIT | 208, 3PH | 5 HP | | HP-1 | CUSM STARTER NEMA SIZE 2 WITH 180 AMP DISC SWITCH | NONE SO FAR ITS COMING CAN'T WAIT |



PLAN VIEW
NTS

NOTE:
1. XFMR PAD DETAIL DEPICTS
   GENERAL INFORMATION ONLY.
   COORDINATE EXACT CONSTRUCTION
   W/ UTILITY CO. SPEC. & REQUIREMENTS.

2. ALL DIMENSIONS SHOWN ARE APPROXIMATE
   AND WILL BE ADJUSTED TO ACTUAL
   EQUIPMENT USED.

1"C BY E.C.

BOX OUT FOR
PRIMARY
CONDUITS

A'

7'-0"

12"

8'-0"

10"

4"

18"

18"

6"

6"

18"

8"

12"

A

FRONT OF
XFMR

BOX OUT FOR
SECONDARY
CONDUITS

#3/0 CU
GROUND GRID

GROUND ROD

CONCRETE PAD

SECTION A-A'
NTS

ROUND EDGES

12#6 VERTICAL BARS
(6 EACH SIDE)
W/ #3 TIES 12" O.C.

42" MIN.

12"

8"

4" MIN. CRUSHED
STONE OR GRAVEL

3000 PSI
CONCRETE
(TYP.)

#4 REINFORCING BAR
5" O.C.(BOTH WAY)

7"

2"

3/4" DIA. X
10'-0" LONG
COPPER CLAD
GROUND ROD

# TYP. UTILITY XFMR PAD DETAIL
SCALE: N.T.S.

(ComEd XFMR CONCRETE PAD BY E.C.)

8



STREET LIGHTING

PLAN
NTS



4" CONCRETE ENCASEMENT

BACKFILL AND COMPACT

SECTION
NTS

# SITE LIGHTING PULL BOX DETAIL 

SCALE: N.T.S.



BACKBOX

ADAPTER PLATE

AUDIO/VISUAL ASSEMBLY

SURFACE MTD. DEVICE

4" SQ.
1 1/2" DEEP BOX

AUDIO/VISUAL ASSEMBLY

FLUSH MTD. DEVICE

FIRE

FIRE

# A/V MTD. DETAIL

SCALE: NTS

5

C:\AutoCAD\Block Library\16-Electrical\Details\Outdoor Lighting\pole-base.dwg, 3/4/2008 3:26:04 PM, mjk



**30' WALKWAY POLE BASE DETAIL**

SCALE: N.T.S.

(6)

(POLE BASE SHALL BE PROVIDED BY E.C.)

4000 PSI CONCRETE

24"

RGS TO RGS COUPLING

#3 TIES (2) @ 2", (2) @ 6", R @ 12" O.C.

(8)-#6 BARS

3/4" MIN. RGS CONDUIT BY LOCAL CODES

3/4" DIA. X 10'-0" LONG COPPER CLAD GROUND ROD

RGS CONDUIT (TYP.)

GROUND CLAMP

30" MIN.

84"

WELD (TYP.)

#6 (CU) GROUND WIRE

FINISHED PAVING GRADE

1" CHAMFER

3.75" BOLT PROJECTION

BASE COVER TO MATCH POLE FINISH

GROUND LUG-TERMINATE ALL GROUND CONDUCTORS TO GROUND LUG

ACCESS OPENING W/ COVER

FUSEHOLDER W/ FUSE PER PHASE

(4) 3/4"⌀ x 36"D MIN. ANCHOR BOLTS

24"

BASE SQUARE PER MFGR. SPEC.

BOLT CIRCLE DIAMETER PER MFGR. SPEC.

O:\AutoCAD\Block Library\16-Electrical\Details\Outdoor Lighting\pole-base.dwg, 3/4/2008 3:25:25 PM, mlk

**40' MAXIMUM PARKING LOT POLE BASE DETAIL**
SCALE: N.T.S.

⑧

(POLE BASE SHALL BE PROVIDED BY E.C.)

30"

4000 PSI CONCRETE

#3 TIES (2) @ 2", (2) @ 6", R @ 12" O.C.

(10)-#6 BARS

RGS TO RGS COUPLING

102"

3/4" MIN. RGS CONDUIT BY LOCAL CODES

3/4" DIA. X 10'-0" LONG COPPER CLAD GROUND ROD

30" MIN.

RGS CONDUIT(TYP.)

GROUND CLAMP

#6(CU) GROUND WIRE

30"

FINISHED PAVING GRADE

WELD(TYP.)

1" CHAMFER

3.75" BOLT PROJECTION

BASE COVER TO MATCH POLE FINISH

GROUND LUG-TERMINATE ALL GROUND CONDUCTORS TO GROUND LUG

ACCESS OPENING w/ COVER

FUSEHOLDER w/ FUSE PER PHASE

BOLT CIRCLE DIAMETER PER MFGR. SPEC.

BASE SQUARE PER MFGR. SPEC.

24"

(4) 3/4"⌀ x 36"D MIN. ANCHOR BOLTS

# BOLLARD BASE DETAIL

BOLLARD SHAFT

3/4" CHAMFER

GRADE

4 #6 REBARS

WELD(TYP.)

#3 TIEBARS @ 10" O.C.

3000 PSI CONCRETE

18" MIN.

18"

48"

GROUND LUG-TERMINATE ALL GROUND CONDUCTORS TO GROUND LUG

1/2" THICK BASE PLATE

3/4" MIN. RGS CONDUIT PER LOCAL CODES

RGS TO RGS COUPLING

RGS CONDUIT

(CONCRETE BASE SHALL BE PROVIDED BY E.C.)

BASE PLATE PER MFGR. SPEC.

(4) 3/8" ø x 12"D MIN. ANCHOR BOLTS

18"

BOLT CIRCLE DIAMETER PER MFGR. SPEC.

NOTE:
ALL WIRING SHALL MEET LOCAL, STATE, AND NATIONAL ELECTRICAL CODES.

O:\AutoCADBlockLibrary\16-Electrical\Details\Outdoor Lighting\bollard base detail.dwg, 3/4/2008 3:21:10 PM, mlk



# EXT. LIGHTING CONTROL DETAIL 

SCALE: N.T.S.

NOTE:
1. PHOTOCELL ON/TIME CLOCK OFF CONTROL W/ MANUAL OVERRIDE.
2. PROVIDE 277V POWER TO TIMECLOCK & PHOTOCELL (LPA CKT#42).
3. PROVIDE NEW PHOTOCELL ON ROOF TO FACE NORTH. EXACT LOCATION TO BE DETERMINED IN FIELD.



PANEL LP

3-PHASE
MONITOR RELAY

LIGHTING LOAD

EM LIGHTS
EM LIGHTS
SPARE

MECHANICALLY HELD CONTACTOR, N.O.
W/ 120V COIL. 3-POLE 30A RATING IN
NEMA1 ENCL.

CIRCUIT CONTROLLED

CKT # 1
CKT # 3
SPARE

PANEL
EMP5

NOTE:
1. IN CASE OF POWER FAILURE, PHASE MONITOR SHALL ACTIVATE 3-POLE LIGHTING CONTACTOR.
2. LIGHTING CONTACTOR SHALL REMAIN OPEN DURING NORMAL OPERATION.

# FOOTBALL FIELD EM LIGHTING CONTROL DETAIL

SCALE: N.T.S.





**TYPICAL LIGHTING TOWER CONTROL DETAIL**
SCALE: N.T.S.



ON/OFF SELECTOR SWITCH

LIGHTING LOAD

LIGHTING TOWER 1

MECHANICALLY HELD CONTACTOR W/
120V COIL. 3-POLE 100A RATING IN
NEMA1 ENCL.

TYPICAL OF 4

CIRCUIT CONTROLLED

CKT # 1
CKT # 3
CKT # 5

PANEL LP



ANCHOR BOLTS
PER MFGR. SPEC.

BASE SQUARE
PER MFGR. SPEC.

36"

BOLT CIRCLE DIAMETER
PER MFGR. SPEC.

FINISHED PAVING GRADE

ACCESS OPENING
W/ COVER

1" CHAMFER

2"

8#4 TIEBARS @2" O.C.

WELD(TYP.)

3/4" RGS CONDUIT(TYP.)

30" MIN.

3/4" MIN. PVC/RGS CONDUIT
PER LOCAL CODES

14#8 REBARS

#4 TIEBARS @ 12" O.C.
(REMAINDER)

4500 PSI CONCRETE

36"

18'

BASE COVER TO
MATCH POLE FINISH

BOLT PROJECTION MFGR. SPEC.

#2/0(CU) GROUND WIRE

GROUND CLAMP

3/4" DIA. X
10'-0" LONG
COPPER CLAD
GROUND ROD

RGS TO PVC(RGS)
COUPLING

NOTES:
1. THIS INFORMATION IS PROVIDED FOR
   PRELIMINARY ESTIMATING USE ONLY AND MAY
   NOT BE USED AS FINAL OR CONSTRUCTION
   DESIGNS.

2. FINAL DESIGNS WILL VARY WITH SOIL
   ENVIRONMENTAL AND OTHER CONDITIONS.

# LIGHTING TOWER POLE BASE DETAIL  8

SCALE: N.T.S.



RECESSED MTD.
2 GANG SWITCHBOX

FLUSH COVERPLATE FOR
2 GANG SWITCHBOX

MANUAL PULL STATION

FLUSH MTD. DEVICE

MATCHING SURFACE BOX

MANUAL PULL STATION

SURFACE MTD. DEVICE

MANUAL PULL STATION

# PULL STATION MTD. DETAIL

SCALE: NTS

(4)



CONTROL RELAY FUNCTION

CR1 RECALL TO ALTERNATE LEVEL

CR2 RECALL TO DESIGNATED LEVEL

CR3 ANNUNCIATION AT CONTROL UNIT AND REQUIRED REMOTE

CR4 ELEVATOR POWER SHUTDOWN

NOTES:
1. HEAT DETECTOR SHALL BE PLACED WITHIN 2ft OF SPRINKLER HEAD.
2. HEAT DETECTOR SHALL HAVE BOTH A LOWER TEMP. RATING AND A LOWER RESPONSE TIME INDEX (FIXED 135F, 40 ft OR HIGHER LISTED SPACING).
3. ELEVATOR SHUTDOWN SHALL COMPLY WITH ANSI/ASME A17.1-1998, RULE 102.2(C).

ELEVATOR LOBBY SMOKE DETECTOR

ELEVATOR LOBBY SMOKE DETECTOR AT ALT. LEVEL

ELEVATOR LOBBY SMOKE DETECTOR AT DESIGNATED LEVEL

UPPER LEVEL

ALT. LEVEL APPROVED BY AHJ

MAIN(DESIGNATED LEVEL)

HOISTWAY SMOKE DETECTOR

HOISTWAY HEAT DETECTOR

SPRINKLER HEAD

TOP OF ELEVATOR SHAFT

ELEVATOR HOISTWAYS

ELEVATOR PIT

EOL

CR1
CR2
CR3
CR4

MACHINE RM SMOKE DETECTOR

MACHINE RM HEAT DETECTOR

SPRINKLER HEAD

ELEVATOR CONTROLLER

POWER SUPERVISORY

ELEVATOR MACHINE RM.

EOL

SHUT TRIP CIRCUIT BREAKER WITH LOCKABLE COVER AND AUX. CONTACT CONNECTION TO RESCUE FEATURE. (DISCONNECTS RESCUE FEATURE IF DISCONNECT IS TURNED OFF.

ELEVATOR RECALL DETAIL 2

SCALE: NTS



LOW VOLTAGE CABLING RISER DIAGRAM



TYPICAL RACK/PUNCH DOWN BLOCK DETAIL ①
SCALE: NTS

RACK SHOWN IS FOR REFERENCE ONLY. VERIFY EXACT QUANTITIES OF PATCH PANELS, ETC. WITH TERMINATION SCHEDULES.

FREE STANDING RACK (TYPICAL)

HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
DATA PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT

VIDEO PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
VIDEO PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT
VIDEO PATCH PANEL (1RU)
HORIZONTAL CABLE MANAGEMENT

VERTICAL CABLE MANAGEMENT
VERTICAL CABLE MANAGEMENT
VERTICAL CABLE MANAGEMENT
VERTICAL CABLE MANAGEMENT

ROUTERS (2RU)
ROUTERS (2RU)
SOUND INCORPORATED UPS (2RU)

PHONE SWITCH
PHONE SWITCH

1RU OF SPACE
COMCAST CISCO 3750 SWITCH (2RU)
1RU OF SPACE
COMCAST PRETERM SHELF (2RU)
1RU OF SPACE
LAN FIREWALLS
LAN FIREWALLS
LAN CISCO ROUTERS (2RU)
LAN CISCO ROUTERS (2RU)

1RU OF SPACE
LAN UPS (2RU)
1RU OF SPACE
COMCAST POWERWARE UPS (2RU)
1RU OF SPACE

P-551-552- OCUSD Master Elementary/Master Dwgs/CD/Elec551-552E0540.dwg, 3/4/2008 4:03:14 PM, mk



CATV ONE LINE DIAGRAM
SCALE: NTS

SEE FLOOR PLANS FOR EXACT QUANTITIES AND LOCATIONS OF TV JACKS. QUANTITIES OF DEVICES SHOWN ARE FOR REFERENCE ONLY. PROVIDE AMPLIFIERS, SPLITTERS, PATCH PANELS, CABLING, ETC. AS REQUIRED FOR COMPLETE AND OPERABLE SYSTEM.

TV
TV
RG-6
4-16 WAY SPLITTER
20 FF
IDF
RG-11 COAX
8-16 WAY SPLITTER
20 FF
MDF
SATELLITE DISH ON ROOF
RG-11 COAX
20 FF
CABLE ENTRY

## ABBREVIATIONS

## ELECTRICAL SYMBOL'S LIST



(4) 3/4"ø x 36"D MIN.
ANCHOR BOLTS
24"
BASE SQUARE
PER MFGR. SPEC.
BOLT CIRCLE DIAMETER
PER MFGR. SPEC.
FUSEHOLDER W/ FUSE
PER PHASE
ACCESS OPENING
W/ COVER
GROUND LUG-TERMINATE
ALL GROUND CONDUCTORS
TO GROUND LUG
BASE COVER TO
MATCH POLE FINISH
1" CHAMFER
3.75" BOLT PROJECTION
WELD(TYP.)
30"
FINISHED PAVING GRADE
#6(CU) GROUND WIRE
GROUND CLAMP
RGS CONDUIT(TYP.)
30" MIN.
3/4" DIA. X
10'-0" LONG
COPPER CLAD
GROUND ROD
3/4" MIN. RGS CONDUIT
BY LOCAL CODES
102"
(10)-#6 BARS
#3 TIES (2) @ 2", (2) @ 6", R @ 12" O.C.
RGS TO RGS
COUPLING
4000 PSI CONCRETE
(POLE BASE SHALL BE PROVIDED BY E.C.)
30"

# 40' MAXIMUM PARKING LOT POLE BASE DETAIL (8)

SCALE: N.T.S.

O:\AutoCAD\Block Library\16-Electrical\Details\Outdoor Lighting\pole-base.dwg, 3/4/2008 3:24:53 PM, mtk

# INDOOR LUMINAIRE SCHEDULE

SCALE: NTS  (1)

## INTERIOR LUMINAIRE SCHEDULE

| TYPE | LAMPS | DESCRIPTION | MFTR. | CATALOG NUMBER | VOLTAGE | SHIELDING | FINISH | MOUNTING | NOTE |
|------|-------|-------------|-------|----------------|---------|-----------|--------|----------|------|

08 C 1529

JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN

# EXHIBIT B

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VAu 740 - 105**

1-5-07
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**Title of This Work ▼**
Park District-Southbury Site
Architectural Plans - not yet constructed

**NATURE OF THIS WORK ▼** See instructions
Architectural Work

**Previous or Alternative Titles ▼**
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the
contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**

**a**  Kluber, Skahan & Associates, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a
"work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of  USA
     Domiciled in  USA

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NOTE**
Under the law,
the "author" of
a "work made
for hire" is
generally the
employer, not
the employee
(see instructions). For any
part of this
work that was
"made for hire"
check "Yes" in
the space
provided, give
the employer
(or other
person for
whom the work
was prepared)
as "Author" of
that part, and
leave the
space for dates
of birth and
death blank.

**Nature of Authorship** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☒ Architectural work

**b**  **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of
     Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either
of these questions is
"Yes," see detailed
instructions.

**Nature of Authorship** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was
Completed
2006
This information
must be given
in all cases.

**b** Complete this information  Month
ONLY if this work
has been published.
Day    Year    Nation

Date and Nation of First Publication of This Particular Work

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the
author given in space 2. ▼
Kluber, Skahan & Associates, Inc.
901 N. Batavia Avenue, Suite 301
Batavia, IL 60510

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a
brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
JAN 05 2007
**ONE DEPOSIT RECEIVED**
JAN 05 2007
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| | CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼ **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

See instructions before completing this space.

a

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ **Account Number** ▼

N/A

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC
140 South Dearborn-Suite 600
Chicago, IL 60603

Area code and daytime telephone number ( ) 312-782-7606   Fax number ( ) 312-782-0943

Email Ngrojean@ancelglink.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Kluber, Skahan & Associates, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Nicholas A. Grojean   Date 1/2/07

Handwritten signature (X) ▼

X _Nicholas A. Grojean_

| Certificate will be mailed in window envelope to this address: | Name ▼ Nicholas A. Grojean Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer |
|---|---|
| | Number/Street/Apt ▼ 140 South Dearborn-Suite 600 |
| | City/State/Zip ▼ Chicago, IL 60603 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA—Full Rev: 07/2006 Print: 07/2006 — 20,000 Printed on recycled paper   U.S. Government Printing Office: 2004-330-958 /60,123

Certificate of Registration.



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 734 - 219**

EFFECTIVE DATE OF REGISTRATION

1 - 5 - 0 7
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**Title of This Work ▼**
New (Plank) Junior High School
Plans and Project Manual - constructed 2006

**NATURE OF THIS WORK ▼** See Instructions
Architectural work

**Previous or Alternative Titles ▼**
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**2**
**a**

**NAME OF AUTHOR ▼**
Kluber, Skahan & Associates, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of USA
Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No    If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☒ No

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☒ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No    If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☐ No

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

---

**3**
**a**

**Year in Which Creation of This Work Was Completed**
2005 Year
This information must be given in all cases.

**b**
**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month          Day          Year
Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Kluber, Skahan & Associates, Inc.
901 N. Batavia Avenue, Suite 301
Batavia, IL  60510

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
JAN 0 5 2007
**ONE DEPOSIT RECEIVED**
JAN 0 5 2007
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

See instructions before completing this space.

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____ SPW    FORM VA

CHECKED BY _____

☐ CORRESPONDENCE    FOR
☐ Yes    COPYRIGHT
    OFFICE
    USE
    ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼ _____ **Year of Registration** ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

**6**

a

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼    **Account Number** ▼

N/A

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC
140 South Dearborn—Suite 600
Chicago, IL 60603

Area code and daytime telephone number ( 312 ) 782-7606    Fax number ( 312 ) 782-0943
Email    Ngrojean@ancelglink.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of **Kluber, Skahan & Associates**, Inc.
      Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Nicholas A. Grojean    Date 1/2/07

Handwritten signature (X) ▼
X _____

**Certificate**
**will be**
**mailed in**
**window**
**envelope**
**to this**
**address:**

**Name** ▼
Nicholas A. Grojean

**Number/Street/Apt** ▼
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer
140 South Dearborn - Suite 600

**City/State/Zip** ▼
Chicago, IL 60603

**9**

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA—Full  Rev: 07/2006  Print: 07/2006—30,000  Printed on recycled paper    U.S. Government Printing Office: 2004-320-955/60,125

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VAu 739-071**

EFFECTIVE DATE OF REGISTRATION

1.5.07

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

Title of This Work ▼
New (Ashcroft) Junior High School
Architectural Plans-not yet constructed

NATURE OF THIS WORK ▼ See Instructions
Architectural Work

Previous or Alternative Titles ▼
Alternative Title: New (Grande Park) Junior High School

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼
a  Kluber, Skahan & Associates, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  USA
Domiciled in  USA

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture      ☐ Map      ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph      ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design      ☒ Architectural work

b  Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture      ☐ Map      ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph      ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design      ☐ Architectural work

**3**

a  Year in Which Creation of This Work Was Completed
2006
◄ Year   This information must be given in all cases.

b  Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month    Day    Year
Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Kluber, Skahan & Associates, Inc.
901 N. Batavia Avenue, Suite 101
Batavia, IL 60510

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
1.5.07 · 5.0.07
ONE DEPOSIT RECEIVED
1.5.07
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____  FORM VA

CHECKED BY _____

☒ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼ _____  **Year of Registration** ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

a

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

b

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                    **Account Number** ▼

N/A

a

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC
140 South Dearborn-Suite 600
Chicago, IL 60603

Area code and daytime telephone number    312/782-7606    Fax number  (   )   312/782-0943
Email    NGrojean@ancelglink.com

b

**CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Klubar, Skahan & Associates, Inc.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Nicholas A. Grojean    Date 5/17/07

Handwritten signature (X) ▼
X _____

**8**

**Certificate will be mailed in window envelope to this address:**

**Name** ▼
Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC

**Number/Street/Apt** ▼
140 South Dearborn-Suite 600

**City/State/ZIP** ▼
Chicago, IL 60603

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA—Full  Rev. 07/2003  Printed 2003—60,000   Printed on recycled paper                    U.S. Government Printing Office: 2003-496-605/60,026





This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

VAu 739 - 704

VA

**EFFECTIVE DATE OF REGISTRATION**

1  11  07
Month  Day  Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** Title of This Work ▼
Grand Park Elementary School
Plans and Project Manual - Under Construction

NATURE OF THIS WORK ▼ See instructions
Architectural work

Previous or Alternative Titles ▼
N/A

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a** NAME OF AUTHOR ▼
Kluber, Skahan & Associates, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____ USA
      Domiciled in ____ USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☒ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____
      Domiciled in ____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
2006
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ____ Day ____ Year ____    Nation

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Kluber, Skahan & Associates, Inc.
901 N. Batavia Avenue, Suite 301
Batavia, IL 60510

**APPLICATION RECEIVED**
JAN 1 1 2007
**ONE DEPOSIT RECEIVED**
JAN 1 1 2007
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK** ▶ Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.        Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

EXAMINED BY _____ Siou          FORM VA

CHECKED BY _____

CORRESPONDENCE                   FOR
☐ Yes                            COPYRIGHT
                                 OFFICE
                                 USE
                                 ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No. If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ _____ Year of Registration ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

a

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                          Account Number ▼

N/A

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Nicholas A. Grojean

Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC

140 South Dearborn-Suite 600

Chicago, IL 60603

Area code and daytime telephone number ► 312-782-7606     Fax number 312-782-0943

Email Ngrojean@ancelglink.com

b

**CERTIFICATION** I, the undersigned, hereby certify that I am the

check only one ►

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of Kluber, Skahan & Associates, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Nicholas A. Grojean                          Date 1/2/07

Handwritten signature (X) ▼

[signature]

**8**

**9**

Certificate will be mailed in window envelope to this address:

Name ▼ Nicholas A. Grojean

Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer

Number/Street/Apt ▼ 140 South Dearborn-Suite 600

City/State/Zip ▼ Chicago, IL 60603

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 U.S.C §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.*

Form VA—Full    Rev: 07/2006    Print: 07/2006—50,000    Printed on recycled paper                    U.S. Government Printing Office: 2004-330-954/60,125



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
Part 1 Work of the Visual Arts

**VAu 739 – 070**

EFFECTIVE DATE OF REGISTRATION

|  |  |  |
|---|---|---|
| 1 | 5 | 07 |
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼
New Elementary Schools 1 and 2
(Southbury Elementary)
Architectural Plans–not yet constructed

NATURE OF THIS WORK ▼ See Instructions

Architectural Work

Previous or Alternative Titles ▼
Alternative Title: New Elementary Schools 1 and 2 (Hunt Club Elementary)

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**
a   Kluber, Skahan & Associates, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☑ Architectural work

**NAME OF AUTHOR ▼**
b

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

---

**3**

a   Year in Which Creation of This Work Was Completed    This information must be given    Year in all cases.
2005

b   Date and Nation of First Publication of This Particular Work
Complete this information    Month         Day         Year
ONLY if this work
has been published.                                                            Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Kluber, Skahan & Associates, Inc.
901 N. Batavia Avenue, Suite 301
Batavia, IL 60510

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
1 4 07  5 07
ONE DEPOSIT RECEIVED
1 8 07
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | *Sew* | FORM VA |
| CHECKED BY | | |
| ☑ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

a

b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

N/A

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC
140 South Dearborn, Suite 600
Chicago, IL 60603
Area code and daytime telephone number    (   )    312-782-7606        Fax number    312/782-0943
Email    Ngrojean@ancelglink.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive rights
☑ authorized agent of    Kluber, Skahan & Associates, Inc.
Name of author or other copyright claimant, or owner of exclusive rights(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Nicholas A. Grojean        Date 5/17/07

Handwritten signature (X) ▼

**8**

**9**

Certificate will be mailed in window envelope to this address:
Name ▼    Nicholas A. Grojean
Ancel, Glink, Diamond, Bush, DiCianni &
Number/Street/Apt ▼    Krafthefer, PC
140 South Dearborn-Suite 600
City/State/Zip ▼    Chicago, IL 60603

• Complete all necessary spaces
• Sign your application in space 8
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**08 C 1529**

**JUDGE ZAGEL**
**MAGISTRATE JUDGE NOLAN**

# EXHIBIT C

**EMPLOYEE EXIT INTERVIEW**

Employee Name _Jey Kim_
Start Date _4/15/02_
End Date _4/12/04_
Exit Interview Date _4/12/04_
End Rate of Pay _63,000_

Circle or Check Mark upon completion

1    Employee Termination or (Resignation)

2    Obtain Office Keys ✓

3    Continuation of Coverage Election Form for Blue Cross/Blue Shield Medical Benefits
     _Elect to maintain until May 30th. Start premium in May._

4    Continuation of Coverage Election Letter for Unum Disability Insurance ✓

5    Discuss Final Payroll Electronic Deposit Date
     _Next week Paychex will deliver final withholding info._

6    Remaining Vacation Pay (if applicable - see attached report)
     _By Friday 04Apr04, KSHA will send either check or invoice_
     _1 week remaining_

7    Severance Pay (if applicable)    Yes or (No)

8    Personal/Sick Time Taken - see attached report
     _Report not available_

9    Exit Interviewer Comments
     _1) Pleasure working, hard working, learned well._
     _2) Intellectual property plans and specs + work product_
     _not to be taken — possible by law._
     _3) MK requested reimbursement for PE exam and_
     _training  $188 + 595. Jey Kim agrees to pay._

10   Employee Comments (if any)
     _Pleasure working_
     _Learned a lot_

_____    _____
Supervisor Signature        Employee Signature