IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLUBER SKAHAN + ASSOCIATES, INC., | |
| Plaintiff, | |
| v. | No. 08 c 1529 |
| CORDOGAN, CLARK & ASSOC., INC. and JEYEONG KIM, | Judge Zagel<br>Magistrate Judge Nolan |
| Defendants. | |

## DEFENDANTS CORDOGAN, CLARK & ASSOC., INC.'S AND JEYEONG KIM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Cordogan, Clark & Assoc., Inc. ("Cordogan") and Jeyeong Kim ("Mr. Kim"), by their attorneys, Vedder Price, P.C., move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiff Kluber Skahan + Associates, Inc.'s ("KSA") Complaint for Injunctive Relief and Damages for the reasons set forth below and in their supporting Memorandum of Law:[1]

1.  On March 14, 2008, KSA filed its Complaint for Injunctive Relief and Damages based on Cordogan's and Mr. Kim's alleged misappropriation of certain common abbreviations (such as BTU for "British Thermal Unit"), well-known electrical symbols, and a handful of detail drawings of common building features excerpted from building electrical and utility design schematics allegedly found in publicly disclosed architectural drawings.

---

[1] Defendants concurrently filed their motion for leave to file *instanter* their supporting memorandum in excess of 15 pages, and attached their Memorandum of Law in Support of Their Motion to Dismiss as Exhibit A to that Motion.

2. KSA contends that these so-called "Design Components" are copyrighted architectural works. However, KSA has not alleged that it registered a copyright in these Design Components, which precludes this Court from exercising jurisdiction over the claim. At most, KSA contends that its copyrights in separate architectural works evidences its copyright "interest" in the Design Components. However, these allegations are insufficient to establish this Court's jurisdiction to hear its federal copyright claim.

3. In addition, KSA erroneously contends that the Design Compoents are protectable trade secrets, despite KSA's undeniable public disclosures of the Design Components including, among other things, attaching the Design Components to its complaint and publicly filing them, and KSA's inability to allege facts demonstrating that it took reasonable measures to protect the secrecy of this information. KSA's own allegations and public disclosure of the trade secrets precludes its ability to state a cause of action under the Illinois Trade Secrets Act.

4. KSA compounds its pleading defects by asserting common law claims for breach of fiduciary duty, inducing the breach of fiduciary duty, conversion, tortious interference, and unfair trade practices that are based solely on the alleged copyright infringement and trade secrets misappropriation. Accordingly, these claims are preempted under the federal Copyright Act and Illinois Trade Secrets Act.

5. Finally, KSA asserts a cause of action under the federal Computer Fraud and Abuse Act ("CFAA"), even though its factual allegations unequivocally establish that KSA cannot allege "damage" or "loss" within the meaning of the CFAA as required to state a cause of action.

6. KSA's complaint is facially deficient as a whole and must be dismissed in its entirety for the following reasons:

- Because KSA failed to register its copyright in the "Design Components," this Court lacks jurisdiction over its statutory copyright claim in Count I and KSA's claim to statutory damages, attorney's fees and punitive damages in Count I should be stricken;

- KSA's allegations affirmatively establish that the allegedly misappropriated Design Components are not trade secrets and that KSA not take reasonable measures to protect its so-called trade secrets, therefore, KSA fails to state a cause of action under the Illinois Trade Secrets Act in Count II;

- KSA's Computer Fraud and Abuse Act claim in Count VI fails to allege any facts establishing the threshold "loss" and "damage" necessary to state a cause of action under the CFAA; and

- KSA's common law claims in Counts III, IV, V, VII and VIII are preempted by the Illinois Trade Secrets Act and by the federal Copyright Act.

WHEREFORE, Defendants Cordogan, Clark & Assoc., Inc. and Jeyeong Kim respectfully request this Court enter an Order:

(a) Dismissing Plaintiff Kluber Skahan + Associates, Inc.'s Complaint in its entirety;

(b) Dismissing Counts II – VIII with prejudice;

(c) Awarding Cordogan and Mr. Kim its attorney's fees under the Illinois Trade Secrets Act; and

(d) Granting Cordogan and Mr. Kim any other just and appropriate relief.

Respectfully submitted,

CORDOGAN, CLARK & ASSOC., INC. and
JEYEONG KIM

By: s/ Anthony J. Ashley
    One of Its Attorneys

Anthony J. Ashley, Bar No. 06209519
Cindy S. Stuyvesant, Bar No. 06279881
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: April 7, 2008