UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLUBER SKAHAN & ASSOCIATES, INC., an Illinois corporation, | ) ) ) No. 08-C-1529 |
| Plaintiff, | ) ) |
| v. | ) Judge Zagel ) |
| CORDOGAN, CLARK & ASSOC., INC., an Illinois corporation, and JEYEONG KIM, an individual, | ) Magistrate Judge Nolan ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT, VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, AND ILLINOIS STATE AND COMMON LAW CAUSES OF ACTION SEEKING INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, KLUBER SKAHAN & ASSOCIATES, INC. ("KS+A"), as and for its First Amended Complaint against CORDOGAN, CLARK & ASSOC., INC. ("Cordogan"), and JEYEONG KIM ("Mr. Kim") (collectively, "Defendants"), states by and through its undersigned counsel, as follows:

**I.     NATURE OF ACTION**

1. This is an action for: (a) copyright infringement in violation of 17 U.S.C. § 501 *et seq.*; (b) violation of the Computer Fraud & Abuse Act of 18 U.S.C. § 1030 *et seq.*; (c) state unfair competition and unfair deceptive trade practices in violation of Illinois Deceptive Trade Practices Act and Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505 & 510 *et seq.*; (d) common law unfair competition; (e) breach of contract; and (f) tortious interference with contractual relations.

2. This action results from the Defendants' willful conduct in violation of KS+A's rights under U.S. copyright and other federal, Illinois state and common law. KS+A seeks equitable relief and to recover damages, attorneys' fees, and costs.

## II.   THE PARTIES

3. Plaintiff Kluber Skahan & Associates, Inc. is an Illinois corporation and is a licensed professional design firm engaged in the practice of architecture and engineering with its principal place of business at 901 N. Batavia Avenue, Batavia, Illinois 60510.

4. Defendant Cordogan, Clark & Assoc., Inc. is an Illinois corporation and is a licensed professional design firm engaged in the practice of architecture with its principal place of business at 960 Ridgeway Avenue, Aurora, Illinois 60506.

5. Defendant Jeyeong Kim is an individual and was, from April 15, 2002 through April 12, 2004, employed at KS+A as an engineering intern. During his period of employment at KS+A, Mr. Kim was not at any time a professional engineer licensed by the State of Illinois. Mr. Kim's last day of employment at KS+A was on April 12, 2004. Soon, thereafter, Mr. Kim became an employee of Cordogan. In December 2004, Mr. Kim became a licensed professional engineer in the State of Illinois. Mr. Kim has left the employ of Cordogan and is now employed by a third party in Aurora, Illinois. Upon information and belief, Mr. Kim lives in Kane County, Illinois.

## III.   JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a) & 1331. This Court has supplemental jurisdiction over KS+A's state law claims pursuant to 28 U.S.C. §§ 1338(b) & 1367.

7. This Court has personal jurisdiction over the Defendants because the Defendants are residents of this State and District. The Court further has personal jurisdiction over the Defendants because the Defendants are engaging in various activities within this State and this District, including transacting business within this District. The Court furthermore has jurisdiction in this Eastern Division because the parties reside in this Division and a substantial part of the events giving rise to the claims herein occurred in this Division.

8. Pursuant to 28 U.S.C. §§ 1391(b) & 1400(a), venue is proper in this Court because the claims arose in this District, a substantial part of the events giving rise to the claims herein occurred in this District, and one or more Defendants reside in this District, can be found in this District and are doing business in this District.

## IV. PRINCIPAL FACTS

KS+A'S COPYRIGHTED WORKS

9. The practices of architecture and engineering are regulated by the Department of Professional Regulation of the State of Illinois.

10. KS+A is a professional design firm that is engaged in the practice of architecture and engineering. KS+A and its predecessor companies have been offering high quality engineering services for the last twenty years, and KS+A has been offering high quality professional design services (both engineering and architecture) for the last thirteen years. KS+A employs both architects and engineers licensed by the State of Illinois. One of the founders of KS+A is Michael T. Kluber ("Mr. Kluber"). Mr. Kluber is and has been at all relevant times a professional engineer licensed by the State of Illinois.

11. Beginning in 1992, KS+A commenced the creation of a library of original technical drawings in the electrical engineering discipline ("KS+A Electrical Standards Drawings"). KS+A also created, beginning in 1992, a compilation of symbols and abbreviations for the electrical engineering discipline ("KS+A Symbols and Abbreviations"). The body and compilation of KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations comprise KS+A's Electrical Standards Library ("KS+A Electrical Standards Library"). KS+A continues to create, organize and refine KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations. The KS+A Electrical Standards Library currently contains nearly one hundred KS+A Electrical Standards Drawings. KS+A uses the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations in the creation of its architectural and engineering plans, drawings, and designs. Attached as Exhibit A are excerpts from the KS+A Electrical Standards Drawings and attached as Exhibit B is the KS+A Symbols and Abbreviations.

12. KS+A spent considerable time, money and effort to create, develop and maintain the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations provide KS+A with a centralized and organized source of original work that contributes to KS+A's efficient creation of high quality architectural and engineering plans, drawings and designs.

13. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations constitute the intellectual capital amassed by KS+A over many years during which it, and its predecessor companies, have been in business. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations require the professional skill, experience and education of KS+A engineers and/or architects to create, develop, revise, and use professionally. They are a vital asset to KS+A's overall business.

14. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations are an integral component of a successful construction project and they improve the quality, efficiency, and uniformity of the plans, specifications and drawings in which they are incorporated. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations also reduce the time necessary to create the required plans, specifications and drawings for any such project, giving KS+A a competitive advantage over its competitors.

KS+A'S COPYRIGHT REGISTRATIONS

15. KS+A has over the years sought to protect its intellectual property assets and owns copyright registrations for the works at issue.

16. KS+A owns the copyright in the KS+A Electrical Standards Drawings. The KS+A Electrical Standards Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the KS+A Electrical Standards Drawings. On May 22, 2008, the United States Register of Copyrights granted KS+A Certificate of Registration No. VAu 960-761 for the KS+A Electrical Standards Drawings. A true and correct copy of this Certificate is attached as Exhibit C.

17. KS+A owns the copyright in the KS+A Symbols and Abbreviations. The compilation of KS+A Symbols and Abbreviations is wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration exclusive rights and privileges in and to the copyright in the KS+A Symbols and Abbreviations. On May 22, 2008, the United States Register of Copyrights granted KS+A Certificate of Registration No.

VAu 960-756 for the KS+A Symbols and Abbreviations. A true and correct copy of this Certificate is attached as Exhibit D.

18. KS+A also owns the copyright in the technical drawings and text entitled "Park District-Southbury Site Architectural Plans-not yet constructed" ("Park District-Southbury Drawings"). The Park District-Southbury Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the Park District-Southbury Drawings. On January 5, 2007, the United States Register of Copyrights granted KS+A Certificate of Registration No. VAu 740-105 for the Park District-Southbury Drawings. On May 21, 2008, the United States Register of Copyrights granted KS+A a Supplementary Certificate of Registration No. VAu 756-017 for the Park District-Southbury Drawings. True and correct copies of these Certificates and excerpts of the Park District-Southbury Drawings are attached as Exhibit E.

19. KS+A also owns the copyright in the technical drawings and text entitled "New (Plank) Junior High School Plans and Project Manual-constructed 2006" ("Plank Junior High Drawings"). The Plank Junior High Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the Plank Junior High Drawings. On January 5, 2007, the United States Register of Copyrights granted KS+A a Certificate of Registration No. VAu 734-219 for the Plank Junior High Drawings. On May 21, 2008, the United States Register of Copyrights granted KS+A a Supplementary Certificate of Registration No. VAu 756-019 for the Plank Junior High Drawings. True and correct copies of these Certificates and excerpts of the Plank Junior High Drawings are attached as Exhibit F.

20. KS+A also owns the copyright in the technical drawings and text entitled "New (Ashcroft) Junior High School Architectural Plans-not yet constructed" ("Ashcroft Junior High Drawings"). The Ashcroft Junior High Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the Ashcroft Junior High Drawings. On January 5, 2007, the United States Register of Copyrights granted KS+A a Certificate of

Registration No. VAu 739-071 for the Ashcroft Junior High Drawings. On May 21, 2008, the United States Register of Copyrights granted KS+A a Supplementary Certificate of Registration No. VAu 756-018. True and correct copies of these Certificates and excerpts of the Ashcroft Junior High Drawings are attached as Exhibit G.

21. KS+A also owns the copyright in the technical drawings and text entitled "Grande Park Elementary School Plans and Project Manual" ("Grande Park Drawings"). The Grande Park Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the Grande Park Drawings. On January 11, 2007, the United States Register of Copyrights granted KS+A a Certificate of Registration No. VAu 739-704 for the Grande Park Drawings. On May 21, 2008, the United States Register of Copyrights granted KS+A a Supplementary Certificate of Registration No. VAu 756-021 for the Grande Park Drawings. True and correct copies of these Certificates and excerpts of the Grande Park Drawings are attached as Exhibit H.

22. KS+A also owns the copyright in the technical drawings and text entitled "New Elementary Schools 1 and 2 (Southbury Elementary) Architectural Plans-not yet constructed" ("Southbury Elementary Drawings"). The Southbury Elementary Drawings are wholly original and copyrightable subject matter under the laws of the United States. KS+A complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured by registration the exclusive rights and privileges in and to the copyright in the Southbury Elementary Drawings. On January 11, 2007, the United States Register of Copyrights granted KS+A a Certificate of Registration No. VAu 739-070 for the Southbury Elementary Drawings. On May 21, 2008, the United States Register of Copyrights granted KS+A a Supplementary Certificate of Registration No. VAu 756-020 for the Southbury Elementary Drawings. True and correct copies of these Certificates and excerpts of the Southbury Elementary Drawings are attached as Exhibit I.

23. KS+A regularly placed a copyright notice on the Park District-Southbury Drawings, Plank Junior High Drawings, Ashcroft Junior High Drawings, Grande Park Drawings, and Southbury Elementary Drawings (collectively, "KS+A Technical Drawings"). The KS+A

Technical Drawings also include some of the KS+A Electrical Standards Drawings and the KS+A Symbols and Abbreviations.

24. For purposes of this action, the KS+A Technical Drawings, KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations constitute the KS+A Copyrighted Works.

25. At all relevant times, KS+A has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the KS+A Copyrighted Works.

KS+A'S EMPLOYMENT OF DEFENDANT MR. KIM

26. The State of Illinois licenses both KS+A as a professional design firm and the individual engineers and architects that work for KS+A. The State of Illinois requires that the plans, specifications and drawings produced by KS+A be reviewed and sealed by a licensed architect or engineer prior to being used for construction and/or development for any given project.

27. Mr. Kim was employed by KS+A from April 15, 2002 until April 12, 2004. During his period of employment at KS+A, Mr. Kim was a licensed engineer intern. During his period of employment, Mr. Kim worked in a position of trust. At all relevant times, KS+A protected access to KS+A Electrical Standards Library with passwords and other security measures intended to protect the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations.

28. As an employee of KS+A, Mr. Kim had been exposed to, and also had access to, the KS+A Electrical Standards Library, including the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations. Mr. Kim's authorized access to the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations was limited to assisting Mr. Kluber in drawing and entering the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations into KS+A's proprietary Electrical Standards Library. However, at no time was Mr. Kim authorized to copy and/or use for his own benefit or for the benefit of a third party the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations.

29. Cordogan is a competitor of KS+A in the practice of architecture.

30. Upon information and belief, Cordogan actively pursued, recruited and/or hired Mr. Kim away from KS+A. Upon information and belief, in April 2004, Cordogan did not have a licensed electrical engineer on its staff. On or around April 2004, Mr. Kim was hired by

Cordogan to assist in creating and preparing plans, drawings and specifications in the electrical engineering discipline.

31. On April 12, 2004, KS+A's representative, Mr. Kluber, conducted an exit interview with Mr. Kim. During the exit interview, Mr. Kim was reminded that KS+A's intellectual property, including "plans, specs and work product" were "not to be taken" by him and that doing so was "punishable by law." In consideration for his post-employment duties, Mr. Kim was not obligated to repay to KS+A certain expenses. Mr. Kim signed a document memorializing his post-employment duties and acknowledging these same admonitions and restrictions. A true and correct copy of Mr. Kim's agreement is attached hereto and incorporated herein as Exhibit J.

32. Mr. Kim had agreed, and was under a duty, not to take copies of KS+A's intellectual property, work product and other confidential information with him or disclose that confidential information to third parties. Mr. Kim understood his agreement and duty.

33. After Mr. Kim was employed by Cordogan, Mr. Kim's job responsibility at Cordogan was to prepare the design documents in the electrical engineering discipline on various projects.

DEFENDANTS' IMPROPER AND UNAUTHORIZED CONDUCT

34. Despite Mr. Kim's agreement to not take copies of KS+A's intellectual property, work product and other confidential information, Mr. Kim, either without authorization or by exceeding his authorization, accessed KS+A's computers and such computers are used in interstate commerce.

35. In accessing KS+A's computer, Mr. Kim intentionally and knowingly copied, transferred and/or downloaded KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations from the KS+A Electrical Standards Library.

36. The KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations were taken by Mr. Kim to his new employer, Cordogan. Cordogan knew or should have known that Mr. Kim took the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations with him to Cordogan. Cordogan knew or should have known that KS+A owned the copyright in the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations.

37. Within a short time after starting his employment with Cordogan, Mr. Kim and Cordogan used and reproduced KS+A Electrical Standards Drawings and KS+A Symbols and

Abbreviations and copied the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations in preparing documents, designs, plans, drawings, and specifications.

38. In July 2004, Defendants prepared plans, designs and specifications for a structure of the Fox Valley Park District known as the "Vaughn Center." Between July and October 2004, Defendants made revisions to the plans and drawings ("Vaughn Center Drawings"). The drawings for the Vaughn Center are attributed to and bear the name of Cordogan and do not bear the name of KS+A. True and correct copies of excerpts of the Vaughn Center Drawings are attached as Exhibit K.

39. In 2008, KS+A was hired by the Fox Valley Park District to review issues regarding the design and construction of the Vaughn Center. In reviewing the original Vaughn Center Drawings, KS+A first noticed that certain of the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations were copied and incorporated into the Vaughn Center Drawings.

40. In preparing the Vaughn Center Drawings, Defendants improperly used and reproduced KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations. At least sixteen different KS+A Electrical Standards Drawings were copied and reproduced in the Vaughn Center Drawings ("Vaughn Center Drawings") and these KS+A Electrical Standards Drawings are shown in Ex. A. The KS+A Symbols and Abbreviations were also copied and reproduced in the Vaughn Center Drawings. Below are representative comparisons of KS+A Electrical Standards Drawings and Defendants' infringing Vaughn Center Drawings.

**KS+A Electrical Standards Drawing**





**Defendants' Infringing Drawing**



**KS+A Electrical Standards Drawing**





**Defendants' Infringing Drawing**



**KS+A Electrical Standards Drawing**



**Defendants' Infringing Drawing**



41. On information and belief, Defendants have been representing to their clients that the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations that were incorporated into Defendants' plans, specifications and drawings, including the Vaughn Center Drawings, were Defendants' own work thereby causing confusion. By placing Cordogan's licensed seal on the Infringing Drawings, Defendants are representing to the public that Defendants possess the requisite skill, expertise and experience to create the Vaughn Center Drawings.

42. On information and belief, Cordogan previously represented to its clients that it had a licensed electrical engineer on staff, when such an individual was not on staff.

43. In December 2007, Cordogan created a set of plans, drawings and specifications for the new City of Aurora Police Department Facility ("Aurora Police Station Drawings"). Attached as Exhibit L is an excerpt from the Aurora Police Station Drawings. Portions of the KS+A Electrical Standards Drawings and KS+A Technical Drawings were copied and reproduced in the Aurora Police Station Drawings. This infringement began after the dates of registration for KS+A Technical Drawings.

44. Upon information and belief, other projects, plans and drawings by Cordogan include the KS+A Electrical Standards Drawings, KS+A Symbols and Abbreviations, and KS+A Technical Drawings.

45. As a direct and proximate result of Defendants' conduct, KS+A suffered a loss in excess of $5,000.  The loss suffered by KS+A is based upon lost revenue and the time and effort expended to investigate the nature of Defendants' access and copying of the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations.  In addition, KS+A spent considerable amounts of money to respond to Defendants' conduct and to upgrade its computer system and develop additional security measures to prevent such copying from happening in the future.

### COUNT I: COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501 *et seq.*

46. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. KS+A is the exclusive owner of all of the copyrights in KS+A Electrical Standards Drawings, KS+A Symbols and Abbreviations and KS+A Technical Drawings, also known as KS+A's Copyrighted Works.  As a matter of law under 17 U.S.C. § 410(c), KS+A's Certificates of Registration (Exhibits C through I) are "prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  Pursuant to these Registrations, KS+A's exclusive ownership shall be presumed.

48. KS+A has complied in all material respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including registration of such works.

49. During the relevant period, Defendants Cordogan and Mr. Kim had access to the KS+A Copyrighted Works.

50. Defendants, without permission or consent of KS+A, knowingly and willfully have copied, reproduced, prepared derivative works based on, used and continue to copy, reproduce, prepare derivative works based on, and use, one or more of the KS+A Copyrighted Works for their own benefit.

51. The Vaughn Center Drawings and Aurora Police Station Drawings (collectively, "Infringing Drawings") are substantially similar, if not strikingly similar, to the KS+A Copyrighted Works.

52. To the extent that Defendants did not directly infringe KS+A's Copyrighted Works, Defendants knowingly, recklessly, and willfully infringed, induced the infringement of or contributed to the infringement of KS+A's exclusive rights in one or more of the KS+A Copyrighted Works. Defendants had a direct financial benefit in the infringing activities, and had the right and/or ability to supervise those activities, rendering them vicariously liable.

53. These acts of infringement by Defendants have been willful and intentional, in disregard of and indifference to the rights of KS+A.

54. As a direct and proximate result of Defendants' infringement of KS+A's Copyrighted Works, KS+A has suffered, and will continue to suffer irreparable harm, damages and economic injury. Absent an appropriate injunction, KS+A will continue to suffer irreparable and immeasurable harm.

**COUNT II: VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT
18 U.S.C. § 1030 *et seq.***

55. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

56. KS+A's computers are used in interstate commerce and constitute "protected computers" as that term is used in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(b).

57. Defendant Mr. Kim knowingly and willfully accessed KS+A's protected computers and this access was either without authorization or exceeded his authorized access. In accessing KS+A's protected computers, Mr. Kim accessed, downloaded, and copied the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations.

58. After Mr. Kim's access, Defendants, without authorization, used, copied, and retained the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations. Defendants also, without authorization, copied and incorporated the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations into Defendants' own designs, plans and specifications.

59. Defendants' knowing and willful copying of the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations was done with an intent to defraud KS+A and obtain the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations, which have a distinct value.

60. The value of the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations and the resulting use by Defendants is in excess of $5000.

61. Defendants' conduct and subsequent use of the copied KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations further caused an impairment to the integrity of KS+A's data amounting to damage in excess of $5000.

62. As a result of Defendants' conduct as alleged above, KS+A, during a 1-year period, has suffered a loss in excess of $5000 resulting from a loss of business goodwill, cost and lost time spent investigating Defendants' conduct, and money spent to upgrade KS+A's computer system to remedy Defendants' conduct and to prevent a future occurrence. KS+A has further suffered damages in an amount to be proven at trial and has suffered irreparable harm requiring injunctive relief.

### COUNT III: ILLINOIS CONSUMER FRAUD AND UNIFORM DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS 510/1 *et seq*.

63. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

64. Defendants identify and represent to members of the public and trade/industry that the Infringing Drawings originate from or are owned by Defendants. The Infringing Drawings were sealed by Cordogan representing to the public that Cordogan had the requisite skill, expertise and experience to create the Infringing Drawings for purposes of construction of the building. Defendants identify and represent to members of the public and trade/industry that they were at all times licensed by the State of Illinois to perform electrical engineering services. Defendants also have engaged, and continue to engage, in unfair competition and deceptive trade practices within the meaning of 815 ILCS 510/1 *et seq.* and 815 ILCS 505/1 *et seq.*

65. As a direct and proximate result of Defendants' conduct, KS+A and members of the public and trade/industry have been and are likely to continue to be confused and damaged as a result of the unfair competition and deceptive trade practices engaged in by Defendants. Unless enjoined by the Court under the provisions of these Acts, Defendants will continue to engage in such deceptive practices, thereby deceiving the public and trade/industry, and causing immediate and irreparable harm to KS+A

66. KS+A is entitled to recover from Defendants the damages it has sustained and will continue to sustain as a result of Defendants' willful unfair and deceptive trade practices, punitive damages, Defendants' gains, profits and advantages obtained as a result of their unfair

and deceptive trade practices, and its costs and attorneys' fees pursuant to 815 ILCS § 505/10(a) and 815 ILCS § 510/3.

### COUNT IV: UNFAIR COMPETITION

67. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

68. Defendants' actions, as alleged herein, constitute unfair competition.

69. As a result of Defendants' actions, KS+A is entitled to an injunction prohibiting and enjoining further acts of unfair competition. KS+A also suffered and continues to suffer damages in an amount to be proven at trial.

### COUNT V: BREACH OF CONTRACT
### (AGAINST MR. KIM ONLY)

70. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

71. KS+A entered into a contract with Mr. Kim regarding his post-employment obligations.

72. Pursuant to the contract dated April 12, 2004, Mr. Kim agreed to not take with him and disclose any plans, specifications and work product. There was proper consideration for this contract.

73. Mr. Kim subsequently breached this contract.

74. KS+A has performed all of KS+A's conditions of the contract to be performed by it.

75. As a direct and proximate result of Mr. Kim's acts, omissions, and nonperformance, KS+A has suffered and will continue to suffer, damages that cannot be accurately computed at this time and irreparable injury for which KS+A has no adequate remedy at law.

### COUNT VI: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (AGAINST CORDOGAN ONLY)

76. KS+A incorporates by reference and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

77. Mr. Kim entered into a contract with KS+A regarding his post-employment obligations.

78. Upon information and belief, Cordogan was aware of this contract.

79. Cordogan without justification intentionally induced Mr. Kim to breach said contract and Mr. Kim did breach such contract.

80. As a direct and proximate result of Cordogan's acts, omissions, and nonperformance, KS+A has suffered and will continue to suffer, damages that cannot be accurately computed at this time and irreparable injury for which KS+A has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff KS+A demands the following relief:

(1) That the Court issue a Permanent Injunction with entry of judgment:
   a. Enjoining Defendants and their officers, directors, shareholders, agents, employees, subcontractors, partners, licensees, subsidiaries, affiliates and related companies or entities, and all others acting in concert or participation with them from using, reproducing, distributing, publicly displaying, and/or preparing derivative works of the KS+A Copyrighted Works.
   b. Enjoining Defendants and their officers, directors, shareholders, agents, employees, subcontractors, partners, licensees, subsidiaries, affiliates and related companies or entities, and all others acting in concert or participation with them from engaging in any action that gives rise to the belief that the Infringing Drawings were created by or originate from Defendants, or that Defendants' use of the Infringing Drawings is authorized or sponsored by, or affiliated with KS+A.
   c. Enjoining Defendants and their officers, directors, shareholders, agents, employees, subcontractors, partners, licensees, subsidiaries, affiliates and related companies or entities, and all others acting in concert or participation with them from otherwise unfairly competing with KS+A.
(2) That the Court Order Defendants to immediately advise all contractors, subcontractors, engineers, architects, customers, governments, and public officials to whom Infringing Drawings or any other drawings found to violate the rights of KS+A were delivered or submitted to, or prepared for of this Court's Order.
(3) That the Court Order enjoin all use and copying of the Infringing Drawings or any other drawings found to violate the rights of KS+A, including the creation and use of any

17

architectural works or buildings created from the Infringing Drawings, without license or authority of KS+A, or otherwise award KS+A a reasonable license fee for such use.

(4) That the Court Order Defendants to immediately return to KS+A all files, electronic or otherwise, and copies of the KS+A Electrical Standards Drawings and KS+A Symbols and Abbreviations in Defendants' possession, custody or control, or the possession, custody or control of their officers, directors, shareholders, subcontractors, partners, agents, employees, subsidiaries, affiliates and related companies or entities.

(5) That the Court enter judgment as follows:

   a. In favor of KS+A that KS+A owns the copyrights in the KS+A Copyrighted Works and that Defendants Cordogan and Mr. Kim willfully infringed KS+A's registered copyrights.

   b. In favor of KS+A that Defendants Cordogan and Mr. Kim violated the Computer Fraud and Abuse Act.

   c. In favor of KS+A that Defendants Cordogan and Mr. Kim violated the Illinois Deceptive Trade Practices Act and Consumer Fraud Act.

   d. In favor of KS+A that Defendants Cordogan and Mr. Kim unfairly competed with KS+A.

   e. In favor of KS+A that Defendant Kim breached its contract.

   f. In favor of KS+A that Defendant Cordogan tortiously interfered with contractual relations of KS+A.

(6) That Defendants Cordogan and Kim be ordered to pay KS+A all damages suffered by KS+A and all profits by Cordogan and Mr. Kim there from by reason of Defendants' copyright infringement; violation of the Computer Fraud and Abuse Act; unfair and/or deceptive trade practices under the Illinois Deceptive Trade Practices Act and Illinois Consumer Fraud Act; unfair competition; breach of contract; and tortious interference with contractual relations, including but not limited to:

   a. Defendants' profits, gains, and advantages arising from or related to use of KS+A Copyrighted Works;

   b. Actual damages suffered by KS+A;

   c. The dollar value of the damage to the KS+A goodwill and reputation associated with Defendants' conduct; and

      d.  Statutory damages pursuant to 17 U.S.C. § 504(c).

(7) That Defendants be ordered to pay KS+A reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; 815 ILCS §§ 510/3 & 505/10(a); and as otherwise permitted under the law.

(8) That Defendants be ordered to pay punitive, treble, or exemplary damages pursuant to 815 ILCS §505/10a *et seq.* or as otherwise provided by law.

(9) That Defendants be required to file with this Court and serve on the undersigned counsel for KS+A within (30) days after entry of the judgment a written report under oath setting forth in detail the manner in which Defendants Cordogan and Mr. Kim have complied with the injunction ordered by this Court.

(10) That Plaintiff KS+A shall have such other relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff KS+A demands a trial by jury for all issues properly triable of right by a jury.

Respectfully submitted,

Dated: June 3, 2008           By: <u>s/ Joseph T. Kucala, Jr.</u>

                                      Joseph V. Norvell (6225747)
                                      Joseph T. Kucala, Jr. (6275312)
                                      NORVELL IP LLC
                                      1776 Ash Street
                                      Northfield, IL 60093
                                      Tel: 630-453-8380
                                      Fax: 312-268-5063
                                      jkucala@norvellip.com

                                      Derke J. Price (6198737)

        Ellen K. Emery (6183693)
        ANCEL, GLINK, DIAMOND, BUSH, DICANNI,
        KRAFTHEFER, P.C.
        140 South Dearborn Street, Sixth Floor
        Chicago, Illinois  60603
        Tel: 312-782-7606
        Fax: 312-782-0943

        ATTORNEYS FOR PLAINTIFF

        KLUBER SKAHAN & ASSOCIATES, INC.