UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLUBER SKAHAN & ASSOCIATES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CORDOGAN, CLARK & ASSOC., INC. and JEYEONG KIM,<br><br>Defendant. | Case No. 08-1529<br><br>Judge James Zagel<br><br>Magistrate Judge Nolan |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order"), shall govern the designation, disclosure and use of information, documents or things produced or exchanged in this litigation.

1. DEFINITIONS.

　　1.1　Party or Parties: any party to this lawsuit, including all of its officers, directors, and employees.

　　1.2　Disclosures or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, exchanged or generated in disclosures or responses to discovery in this lawsuit.

　　1.3　Confidential Information: information, materials, regardless of the medium or manner generated, stored or maintained, or tangible things that contain confidential, non-public

1

information This includes information and materials the producing person or entity is obligated to protect as confidential and excludes information or materials that are publicly available.

1.4  Attorneys' Eyes Only Information: information, materials, regardless of the medium or manner generated, stored or maintained, or tangible things that contain highly sensitive business or financial information that would subject the Producing Party to a competitive disadvantage if disclosed or information of a highly personal nature. Plans, designs, drawings, project manuals, and specifications may only be marked Attorneys' Eyes Only if they would subject the Producing Party to a competitive disadvantage if disclosed, or the Producing Party is under a third party obligation to keep such information confidential.

1.5  Receiving Party: a Party that receives Disclosures or Discovery Material from a Producing Party.

1.6  Producing Party: a Party or non-party that produces Disclosures or Discovery Material in this action.

1.7  Designating Party: a Party or non-party that designates information or items in Disclosures or Discovery Material. If a non-party chooses to designate information or items in Disclosures or Discovery Material, then it must execute the Agreement in Exhibit A.

1.8  Protected Material: any Disclosures or Discovery Material containing Confidential Information or Attorneys' Eyes Only Information.

1.9  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.10 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.11 Outside Counsel: Attorneys who are retained to represent or advise a Party in this action and their employees and staff.

2. SCOPE. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. The parties further agree to limit the material that is designated for protection under this Stipulated Protective Order, in accordance with Local Rule 26.2 and relevant Seventh Circuit caselaw.

3. DURATION. Even after the termination of this litigation, the obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4. DESIGNATING PROTECTED MATERIAL.

4.1 Manner and Timing of Designations. Protected Material must be clearly designated bearing the appropriate Confidential or Attorneys' Eyes Only designation, as those terms are defined herein, before the material is disclosed or produced. The parties agree to designate as follows:

3

(a) <u>For information in documentary form:</u> apart from transcripts of depositions or other pretrial or trial proceedings, the Producing Party shall affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>: the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In addition, the Party or non-party that sponsors, offers, or gives the testimony has twenty (20) days from the date of receipt of the transcript for the hearing or deposition to identify the specific portions of the testimony that should be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Stipulated Protective Order. Such designations must be in writing to all counsel of record for the Parties and the Court Reporter. During this twenty (20) day period, the entire transcript will be treated as ATTORNEYS' EYES ONLY. Only those portions of the testimony that are appropriately designated for protection within the appropriate timeframe shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary</u>: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Attorneys' Eyes Only."

4.2 Inadvertent Failure to Designate. The inadvertent failure of a Producing Party to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If a Producing Party inadvertently produces information or documents that are subject to the attorney-client privilege, work product doctrine, and/or other claim of protection, then Rule 26(b)(5) of the Federal Rules of Civil Procedure will govern the handling of such documents or information, including possible presentment to the Court for determination of whether or not privilege or protection exists, if the parties dispute such claim of privilege or protection. If privilege or protection exists, then any such production will not constitute a waiver of the privilege and the Receiving Party will take reasonable steps to return the privileged or otherwise protected materials.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS. Nothing in this Stipulated Protective Order precludes a Party or interested member of the public from challenging any confidentiality designation and/or the filing of such Protected Material with the Court as improper, pursuant to Section 9 below and *Citizens First Nat'l Bank of Princeton v. Cincinnati Insur. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A Party is not obligated to make such challenge at the time of designation or production and a failure to do so shall not preclude a

subsequent challenge to the designation. In order to challenge a designation, a party must serve a written objection to the Designating Party identifying the Protected Material at issue. The Designating Party has fourteen (14) days from the date of the written notice to provide the basis for the initial designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or to change its designation. If the parties are unable to resolve the issue over designation, then the parties agree to meet and confer in good faith pursuant to Local Rule 37.2 prior to seeking any relief from the Court. It is the burden of the Designating Party to show that the information or materials should remain designated as "CONFIDENTIAL" or" ATTORNEYS' EYES ONLY." Until the dispute over designation is resolved either by the parties or the Court, information or materials will remain as originally designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6. ACCESS TO AND USE OF PROTECTED MATERIAL.

6.1 General Restriction. A Receiving Party may only use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this litigation, including the prosecuting, defending, or attempting to settle this litigation, and any appeals. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel in this action;

(b) the Court, its personnel, and court reporters;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Professional Vendors engaged by a party in connection with this litigation;

(e) during the deposition of a witness in the action to whom disclosure is reasonably necessary and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), only if the Designating Party consents to the disclosure or pursuant to a Court order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) the Author of the document or the original source of the information;

(g) The following individuals on behalf of Plaintiff: Michael Kluber, John Kluber, Ed Skahan, Jeff Bruns, Don Ware, Clayton Haldeman, Matt Macritchie, and Chris Hansen, upon signing the "Agreement to Be Bound by the Protective Order";

(h) Mr. Jeyeong Kim upon signing the "Agreement to Be Bound by the Protective Order"; and

(i) The following individuals on behalf of Defendant: John Cordogan, John Clark, Doug Schomer, Michael Kopoka, Craig Welter, Bruce Cairns, Therese Thompson, Tim Wilkins, Nathan Melotte, and Kristan Bernier, upon signing the "Agreement to Be Bound by the Protective Order."

6.3 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated ATTORNEYS' EYES ONLY only to:

7

(a) the Receiving Party's Outside Counsel in this action;

(b) the Court, its personnel, and court reporters;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Professional Vendors engaged by a party in connection with this litigation; and

(e) the Author of the document or the original source of the information;

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Materials designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (via email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. FILING PROTECTED MATERIAL.

9.1     Motion to File Under Seal. Pursuant to Local Rule 26.2(b), any Party seeking to file any documents or exhibits containing Confidential Information, or Attorneys' Eyes Only Information with the Court in a restricted manner or under seal, must first file a motion with the Court to request permission and demonstrate good cause for filing the documents or exhibits in a restricted manner or under seal. The final paragraph of any order regarding same shall state the following information: (1) the identity of any persons, if any, who are to have access to the documents without further order of the Court; and (2) instructions for the disposition of the restricted documents following the conclusion of the case. Pursuant to Local Rule 26.2(d), in lieu of filing any documents or exhibits containing Confidential Information or Attorneys' Eyes Only Information under seal, the Court hereby permits a Party, at its discretion, to retain copies of all documents containing Protected Material which are provided in discovery under this Stipulated Protective Order. In addition, the Party will submit documents requiring the Court's review to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted Confidential Information or Attorneys'

Eyes Only Information pertains and the name, telephone number and email address of counsel submitting the documents. A redacted copy of all documents containing Confidential Information or Attorneys' Eyes Only Information shall be filed with the clerk of court for the record.

9.2 <u>Filing Materials Under Seal</u>. Any information or documents designated as Confidential or Attorneys' Eyes Only that is filed with the Court shall be filed under seal in compliance with Local Rule 5.8 and Local Rule 26.2. Therefore, after obtaining permission from the Court, a Party filing under seal any document or information that has been designated as Confidential or Attorneys' Eyes Only or that contains Confidential Information or Attorneys' Eyes Only Information derived from such documents or papers (such as expert reports or a memorandum of law referring to such information), that Party will place the documents or information to be filed in a sealed envelope displaying the attorney or party's name and address, including e-mail address if the attorney is registered as a Filing User of electronic case filing, the case caption, and the title of the document. The face of the sealed envelope must also indicate that the envelope contains Confidential Information or Attorneys' Eyes Only Information pursuant to the Stipulated Protective Order. A copy of this Protective Order, and the Order of the Court granting permission to file the restricted document under seal, must be included with any restricted document presented for filing. The Party shall otherwise comply with Local Rules 5.8 and 26.2 in all respects.

9.3 <u>Limited Scope of Restricted Documents</u>. If pursuant to Local Rules 5.8 and 26.2, a Party files with the Court a document containing Confidential Information or Attorneys' Eyes Only Information, only the Confidential Information or Attorney Eyes Only Information, not the entire document, shall be filed under seal. The public version of the document shall be as

complete as possible, but may redact the Confidential Information or Attorneys Eyes Only Information or refer to it in a way that does not reveal the Protected Material. A courtesy copy of any brief or motion containing the Protected Material shall be delivered to the judge considering the matter and a copy of any brief, motion or other document containing the Protected Material shall be served upon all Counsel of record.

9.4 <u>Challenging Designation</u>. Once a document containing Protected Material has been filed under seal, any Party or interested member of the public may challenge the designation of that document. To do so, the Party or member of the public should first raise the issue with counsel for the Designating Party that originally designated the Protected Material as Confidential or Attorneys' Eyes Only hereunder. If that process does not lead to a satisfactory resolution, any Party or interested member of the public may file a motion with the Court challenging the designation and/or the filing of the particular document or documents at issue under seal.

9.5 <u>Disclosure in Open Court</u>. With respect to documents or other information designated as Confidential or Attorneys' Eyes Only that a Party would seek to disclose in open court, the Party seeking to disclose the information will provide sufficient prior notice to the Designating Party such that the Designating Party may object or take whatever other actions are deemed appropriate to protect the confidentiality of the documents and/or information. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

10. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party, which includes all copies, abstracts,

compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With prior written permission from the Designating Party, the Receiving Party alternatively may destroy some or all of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

11. <u>MISCELLANEOUS</u>.

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    11.3 <u>Retention of Court Jurisdiction</u>. The Court shall retain jurisdiction over the parties and this Stipulated Protective Order for purposes of enforcement, even after termination of the litigation.

    11.4 <u>Agreement to be Bound by Execution</u>. The parties will be bound by the terms of this Stipulated Protective Order upon execution by the parties.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 1, 2008      /s/ Joseph T. Kucala, Jr.
Joseph V. Norvell (6225747)
Joseph T. Kucala, Jr. (6275312)
NORVELL IP LLC
1776 Ash Street
Northfield, IL 60093
Tel: 630-453-8380
Fax: 312-268-5063
jkucala@norvellip.com

Derke J. Price (6198737)
Ellen K. Emery (6183693)
ANCEL, GLINK, DIAMOND, BUSH, DICANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Tel: 312-782-7606
Fax: 312-782-0943

Attorneys for Plaintiff
KLUBER SKAHAN & ASSOCIATES, INC.

DATED: _____      s// Anthony J. Ashley
Anthony J. Ashley
Cindy S. Stuyvesant
VEDDER PRICE, LTD.
222 N. LaSalle Street, Ste 2600
Chicago, Illinois 60601

Tel: 312-609-7884
Fax: 312-609-5005

Attorneys for Defendants
CORDOGAN, CLARK & ASSOC., INC.
JEYEONG KIM

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: AUG -1 2008          _____
                            JAMES B. ZAGEL
                            United States District Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY within the terms of the Stipulated Protective Order entered in the action entitled, pending in the United States District Court for the Northern District of Illinois. I have read the aforementioned Stipulated Protective Order, and agree to be bound by it.

2. I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois, or any United States District Court, for enforcement of the undertakings I have made, even if such enforcement proceedings occur after termination of the lawsuit.

3. I understand that my failure to abide by the terms of the Stipulated Protective Order entered into this lawsuit will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I declare the foregoing is true under penalty of perjury.

Dated: _____

Name: _____